# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JEFFREY RAMSEY, ) | |
|     Movant, ) | Misc. No: 3:15-mc-14 |
| ) | |
|   v. ) | MOTION FOR ORDER PURSUANT |
| ) | TO CUSTOMER CHALLENGE |
| UNITED STATES DEPARTMENT ) | PROVISIONS OF THE RIGHT TO |
| OF LABOR ) | FINANCIAL PRIVACY ACT OF 1978 |
|     Respondent. ) | |

## MOTION TO QUASH

COME NOW Movant Jeffrey Ramsey hereby moves this Court, pursuant to section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, for an order preventing the United States Department of Labor, Employee Benefits Security Administration ("DOL") from obtaining access to Mr. Ramsey's financial records held by First Security Bank, N.A. (and successor, Cierra Bank) ("First Bank").

## FACTS

1.   On April 19, 2013, Mr. Ramsey traveled to Washington D.C. at his own expense and voluntarily participated in an interview with Department of Labor Investigator Siamack Gharanfoli concerning The Chimes – Health and Welfare Benefit Plan ("the Plan"). In that interview, Mr. Ramsey informed Investigator Gharanfoli that Benefits Consulting Group was a sole proprietorship. (Ramsey Aff., ¶ 6, Exhibit 1).[1]

2.   On February 4, 2014, the DOL issued a subpoena to First Bank for all documents in the name of "Benefits Consulting Group or any predecessors, successors, affiliates or

---

[1] The subpoenas issued by the DOL before and after Mr. Ramsey's interview support the fact that the DOL had actual knowledge of Benefit Consulting Group's status as a sole proprietorship. On April 4, 2013, the DOL issued a subpoena to "Benefits Consulting Group, LLC" for the production of documents. (Subpoena, Exhibit 5). On July 27, 2013, however, the DOL issued a subpoena to "Benefits Consulting Group" for the production of documents. (Subpoena, Exhibit 6).

subsidiaries." (Subpoena, Exhibit 2). The DOL did not provide notice to Mr. Ramsey concerning this subpoena. (Ramsey Aff., ¶ 7, Exhibit 1).

3. On or around February 14, 2014, the DOL received bank records for "Jeff Ramsey d/b/a Benefits Consulting Group" as well as records for BCGHR, LLC. (DOL Response Letter, Exhibit 4). Mr. Ramsey never conducted business under the name "Benefits Consulting Group, LLC" and never opened a bank account in that name. (Ramsey Aff., ¶ 3, Exhibit 1).

4. Upon information and belief, the DOL used the financial records of "Jeff Ramsey d/b/a Benefits Consulting Group" in their investigation of the Plan and to identify, call and harass Mr. Ramsey's professional business associates and customers who have no relation to the Plan. This investigation has disrupted Mr. Ramsey's business operations and his personal livelihood. (Ramsey Aff., ¶ 8, Exhibit 1).

5. On November 6, 2014, Mr. Ramsey participated in a deposition conducted by the DOL. In that deposition, upon information and belief, the DOL used records derived from the financial records of "Jeff Ramsey d/b/a Benefits Consulting Group." (Ramsey Aff., ¶ 9, Exhibit 1).

6. In late November, Mr. Ramsey became aware that the DOL had improperly obtained the financial records of "Jeff Ramsey d/b/a Benefits Consulting Group." (Ramsey Aff., ¶ 7, Exhibit 1).

7. On December 11, 2014, Mr. Ramsey, through Counsel, sent a letter to the DOL concerning its apparent violation of the Right to Financial Privacy Act. A copy of this letter is attached hereto as Exhibit 3.

8. On January 26, 2014, the DOL responded to Mr. Ramsey's letter. A copy of this letter is attached as Exhibit 4. In its response, the DOL admitted that it sought and obtained the

financial records of "Jeff Ramsey d/b/a Benefits Consulting Group" in violation of the Right to Financial Privacy Act. Moreover, the DOL stated that it destroyed the financial records. (DOL Response Letter, p. 3).

9. On that same day, the DOL sent a second subpoena to First Bank for the same financial records of "Jeff Ramsey d/b/a Benefits Consulting Group." (DOL Response Letter, pp. 11-19).

## **LEGAL ARGUMENT**

In general, the Right to Financial Privacy Act ("RFPA") prohibits federal agencies from gaining access to customer records maintained by financial institutions. 12 U.S.C. § 3402, 3403(a). It is undisputed that sole proprietorships are customers under the RFPA. *Hunt v. United States Sec. & Exchange Com.*, 520 F. Supp. 580 (N.D. Tex. 1981). The law has a very limited exemption that allows the federal government to obtain financial records of a sole proprietorship through the use of an administrative subpoena otherwise authorized by law if "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry" and only if "the government has complied with the relevant procedural requirements, including customer notice." Id. § 3405. The government must state the nature of the law enforcement inquiry "with reasonable specificity" in the customer notice. 12 U.S.C. § 3405.

The RFPA provides that the district court may quash a subpoena if the agency's inquiry is not a legitimate law enforcement inquiry. *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989). "If the court finds 'no demonstrable reason to believe that the law enforcement inquiry is legitimate' or that 'the records sought are not relevant to the inquiry,' then the court shall grant the customer's motion." *Nimmer v. United States SEC*, 2011 U.S. Dist. LEXIS 81870 (D. Neb. July 26, 2011)(citing 12 U.S.C. § 3410(c)).

With respect to this requirement — "that the records sought are relevant to a legitimate law enforcement inquiry" — the legislative history of the Act is clear that the ultimate burden of satisfying this requirement is on the Government. H.R.Rep.No.1383 at 53.  Mr. Ramsey offers proof of facts which show that either the documents requested have no connection with the subject matter of the investigation, that he has not committed any offense related to the investigation, or that he is the subject of harassment by the requests, *id; see also Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C.1980), but ultimately, however, the burden is on the government authority to show that it has a demonstrable reason to believe the records sought contain information which will aid in a legitimate investigation of violations of law within its jurisdiction. H.R.Rep.No.1383 at 51.

As outlined in Mr. Ramsey's affidavit, the DOL issued an administrative subpoena to First Bank in February 2014 for the financial records of his sole proprietorship and any other accounts that are affiliated with that sole proprietorship.[2]  Despite having direct knowledge that Mr. Ramsey's business was a sole proprietorship at that time and despite the fact that that the subpoena specifically asks for documents relating to this sole proprietorship, the DOL willfully decided not to provide notice to Mr. Ramsey as required under the RFPA.

Moreover, the face of those records would have shown that the account was held in the name of "Jeff Ramsey d/b/a Benefits Consulting Group."[3]  In other words, at the time it obtained

---

[2] The first subpoena and the second subpoena on their face ask for records of covered "customers" under the RFPA. The subpoena defines "Company" as "Benefits Consulting Group or any predecessors, successors, affiliates or subsidiaries." As stated above, "Benefits Consulting Group" is a sole proprietorship. "Affiliates" also include "partnerships" and "other legal entities under common ownership or common control." A person as defined by the RFPA includes a partnership of less than 5 people. As a result, the first subpoena and the second subpoena would violate the RFPA on its face if the government were to receive records of a sole proprietorship or a partnership without providing notice to each customer as defined by the RFPA.

[3] In its response letter, the DOL stated that it is deleting the financial record evidence after realizing it violated the RFPA. If these records have indeed been deleted, we ask the court to draw an adverse inference that the records contain notations and highlights made by the DOL that would be unfavorable to the DOL's arguments. *See Whitt v.*

the records in February 2014, the DOL would have been put on notice at the time it received the records that it had obtained those records in violation of the RFPA. However, instead of immediately segregating these documents and returning those documents to Mr. Ramsey,[4] the DOL proceeded to use these improperly received records to harass Mr. Ramsey by knowingly and willfully disclosing individually identifiable information, identifying and badgering Mr. Ramsey's professional business associates and customers and conducting a deposition of Mr. Ramsey with information derived from these records, all of which are prohibited by the RFPA. It was only after Mr. Ramsey caught the DOL in its deception nine months later that the DOL finally acknowledged its violation of the RFPA. Knowing the substance of the sole proprietorship financial records, the DOL allegedly destroyed the evidence of their impropriety and issued a second subpoena, all in an effort to continue their improper inquisition of Mr. Ramsey.

The DOL is not conducting a legitimate law enforcement inquiry into Mr. Ramsey. The DOL has used subversive means to obtain Mr. Ramsey's records in violation of the RFPA and then proceeded to use those records to harass Mr. Ramsey. When the DOL's subterfuge was discovered by Mr. Ramsey almost nine months later, the DOL destroyed the potential evidence of their impropriety. The DOL has now issued a second subpoena in an attempt to legitimize their previous harassment. The DOL did not substantially comply with the RFPA when it issued the original subpoena, and the DOL wishes to now pretend that by attempting to do so now will justify the disruption to Mr. Ramsey's personal livelihood over the previous 18 months and

---

*Stephens Cnty.*, 529 F.3d 278, 284 (5th Cir. 2008)("Under the spoliation doctrine, a jury may draw an adverse inference 'that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party.'"(citations omitted)).

[4] Under the ethics rules of most states, a lawyer who receives documents that he or she is not authorized to receive must segregate those documents and notify the owner of the documents that he or she possesses those documents. *See e.g.* District of Columbia Rules of Professional Conduct Rule 1.15.

going forward.  Mr. Ramsey asks this Court to grant its motion to quash the DOL's subpoena and order the Government to cease its harassing discovery of Mr. Ramsey.

    Respectfully submitted,

    By: */s/ Kristin L. Bauer*
    Kristin L. Bauer
    State Bar No. 24006813
    BauerK@jacksonlewis.com
    Jackson Lewis P.C.
    500 N. Akard
    Suite 2500
    Dallas, TX 75201
    Phone:  (214) 520-2400
    Fax:  (214) 520-2008

    Ramsay C. McCullough, Esq., VSB No. 87014
    *Pro Hac Pending*
    Ramsay.McCullough@jacksonlewis.com

    **ATTORNEYS FOR MOVANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February, 2015, I cause the foregoing, and attached exhibits to be filed with the Court and the same will be sent by email and/or by certified mail as indicated below to the following:

Marc I. Machiz, Regional Director
United States Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office
The Curtis Center, Suite 870 West
170 S. Independence Mall West
Philadelphia, PA 19106
*Via certified mail*

Evelyn Chung
U.S. Department of Labor
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
*By email* -- Chung.Evelyn@dol.gov

First Security Bank, N.A.
c/o Cierra Bank
1801 Cross Timbers
Flower Mound, Texas 75028
*Via certified mail*

/s/ *Kristin L. Bauer*
Kristin L. Bauer

4849-2019-7666, v. 1