

EXHIBIT

2

**U.S. Department of Labor**

Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

February 4, 2014

(202) 693-8700 FAX: (202) 693-8736



<u>VIA CERTIFIED MAIL No.</u>     7012 3460 0001 6928 2760
<u>RETURN RECEIPT REQUESTED</u>

First Security Bank, N.A.
Attn: Ms. Debbie Foster
1801 Cross Timbers
Flower Mound, Texas 75028

Re:   Investigation of The Chimes, D.C. Inc. Health & Welfare Plan;
EBSA Case Number 22-014955

Dear Sir or Madam:

This office is conducting an investigation of the above-referenced matter pursuant to §504(a)(1)
of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1134(a)(1), to
determine whether any person has violated or is about to violate any provision of Title I of
ERISA. Enclosed is a subpoena which requires First Security Bank, N.A. to produce certain
documents and records in connection with that investigation.

Your personal appearance pursuant to this subpoena will not be required at this time provided the
documents are produced on or before the date noted in the subpoena. You will be informed at a
later date if your personal appearance to testify is required. Inasmuch as your appearance is not
now being required, please provide a cover letter with your response which identifies the
documents being produced. Your cover letter should also state whether a diligent search has
been made for the subpoenaed documents and that the documents transmitted constitute all
documents called for by the subpoena.

The subpoena requests that documents maintained in electronic form, Electronically Stored
Information (ESI), be produced in electronic form. The formats in which EBSA can accept ESI
are listed in the subpoena. When producing ESI, the material should be produced as maintained
on your computer system, i.e., ESI should be produced with all files, folders and sub-folders
intact, and emails should be produced with all attachments intact.

If any documents called for are not furnished, please list such documents and indicate their
location and the reason for their non-production.

This inquiry should not be construed as an indication that any violations of law have occurred or
as a reflection upon any person involved in this matter.

If you have any questions concerning your rights and duties, you may wish to consult counsel. If
you have any questions concerning the subpoena or the documents required to be produced,

1

including the production of ESI and the appropriate format and media, please call Senior Investigator Siamack Gharanfoli at (202) 693-8719.

Sincerely,

Marc I. Machiz
Regional Director
Philadelphia Regional Office

Enclosure

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

*To:*   First Security Bank, N.A.

*You are hereby required to appear before Siamack Gharanfoli, Investigator of the Employee Benefits Security Administration, U.S. Department of Labor, at 1335 East West Highway, Suite 200, Silver Spring, Maryland, 20910, on the 18th day of February, 2014 at 10 o'clock a.m. of that day, to testify in the Matter of an investigation of the*

*The Chimes, D.C. Inc. Health & Welfare Plan*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

*See Attachment*

*Fail not at your peril.*



**In testimony whereof** *I have hereunto affixed my signature and the seal of the* United States Department of Labor

*at   Philadelphia, Pennsylvania .*
*this  4th  day of  February , 2014*

Marc I. Machiz
**Regional Director**

## ATTACHMENT TO SUBPOENA FOR
## FIRST SECURITY BANK, N.A.

### DEFINITIONS

A. The Term "Plan" shall mean The Chimes, D.C. Inc. Health & Welfare Plan.

B. The term "Company" shall mean Benefits Consulting Group or any predecessors, successors, affiliates or subsidiaries.

C. The terms "You" and "Bank" shall mean First Security Bank, N.A., and its parent companies, any predecessor or successor corporations, and any subsidiaries or affiliates.

D. The terms "affiliate" or "affiliated entities" shall be construed to mean corporations, partnerships, or other legal entities under common ownership or common control, including but not limited to, parent and subsidiary corporations.

E. The term "bank account" means any account of any type, including checking, savings, custodial or trust accounts, offered by the Bank for use by its customers.

F. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq.

G. "Employee Benefit Plans" means employee benefit plans as defined in Section 3(3) of ERISA.

H. "Document" or "documents" means, including but not limited to, all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages (email), voice mail messages, electronic instant messages (IM), spreadsheets, databases, electronic calendars and contact managers, back-up data, and or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device), however produced, reproduced or stored, of every kind or description within your possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of you, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations; interviews, meetings and/or conferences; tabulations; and shall include the original and all non-identical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and

documents attached or referred to in any document to be produced pursuant to this subpoena.

I.  "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and internet postings and discussions.

J.  "Email" or "electronic mail" means any electronic communication made using computer communications software, whether through a local computer network or through the internet, and whether maintained in electronic form and/or paper form. Email maintained in electronic form may be produced in electronic form.

K.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

L.  "Including" shall be construed to mean "without limitation."

M.  "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

## INSTRUCTIONS

A.  Scope of search. This subpoena calls for all documents in your possession, custody, or control. You are required to search for, obtain, and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody, or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

B.  Relevant time period. Unless otherwise specified, the time period covered by this subpoena is from February 1, 2008 to the date of production. Documents created prior to February 1, 2008 which have been used or relied on since February 1, 2008 or which describe legal duties which remain in effect after February 1, 2008 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

C.  Privileges and Protections. If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, identify the documents you claim are privileged in a written response, and indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of

the document; 4) the type, length, and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

D. Electronically stored information. If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

E. Tenses. Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the present tense.

F. Singular/Plural. The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular.

G. Manner of production. All documents produced in response to this subpoena shall comply with the following instructions:

  a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

  b. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

  c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

  d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

  e. All documents provided in response to this subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

  f. In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

g.  If documents relied upon or required to respond to any of this subpoena, or
requested documents, are no longer in your possession, custody, or control, you
are required to state what disposition was made of such documents, including
identification of the person(s) who are believed to be in possession or control of
such documents; the date or dates on which such disposition was made, and the
reason for such disposition.

h.  Electronic media:

To the extent that the documents that are responsive to this subpoena may exist on
electronic media, those documents shall be provided on one of the following
media:  Compact Disk–Read Only Memory (CD-ROM), Digital Versatile Disc–
Read Only Memory (DVD), or USB hard drive.

## DOCUMENTS TO BE PRODUCED

1.  All documents relating to the nature, scope and cost of services provided or rendered to
the Company by First Security Bank, N.A., including but not limited to agreements,
contracts, fee schedules, descriptions of fees or tariffs, and related documents.

2.  Documents identifying all bank accounts in the name of the Plan or the Company,
including bank account number 1005222.

3.  Documents identifying all signatories on the bank account(s) identified in response to
item #2.

4.  All monthly account statements for the bank account(s) identified in response to item #2.

5.  All documents which identify all disbursements from the bank account(s) identified in
item #2, including but not limited to wire transfers, electronic funds transfers, money
orders, cashiers checks or cash disbursements from the account; and the front and back
copies of all checks disbursed.

6.  All records of deposits or transfers into the bank account(s) identified in response to item
#2.

7.  All debit, credit, or wire transfer memos and other documents relating to any deposits or
withdrawals involving any of the bank account(s) identified in response to item #2 and
not otherwise produced in response to items #5 and #6.

8.  All correspondence between the Company and the Bank relevant to any of the account(s)
identified in response to item #2.

## Return of Service

I hereby certify that the original of the within subpoena was duly served on the person named herein.

(Check method used)

☐ in person

☒ by certified or registered mail

☐ other (specify) _____

☐ by leaving at principal office or place of business, to wit:

on _____

2/4/14
(Month, day, year)

_____
(Name of person making service)

RCB MINSTON
(Official Title)

## Certification of Compliance

I certify that the person named herein was in attendance as a witness and/or produced the records requested herein at

on _____

_____
(Month, day, year)

_____
(Name of person certifying)

_____
(Official Title)

EXHIBIT
3



**jackson lewis**

Attorneys at Law

Representing Management Exclusively in Workplace Law

Jackson Lewis P.C.
500 E. Main Street
Suite 800
Norfolk, Virginia 23510
Tel 757-648-1448
Fax 757-648-1418
www.jacksonlewis.com

| | | |
|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | MORRISTO... |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ |
| CLEVELAND, OH | MEMPHIS, TN | PITTSBURGH, PA |
| DALLAS, TX | MIAMI, FL | PORTLAND, OR |
| DENVER, CO | MILWAUKEE, WI | PORTSMOUTH, NH |
| DETROIT, MI | MINNEAPOLIS, MN | PROVIDENCE, RI |

RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SAINT LOUIS, MO
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
STAMFORD, CT
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

RAMSAY C. McCULLOUGH
DIRECT DIAL: 757.648.1444
E-MAIL: RAMSAY.McCULLOUGH@JACKSONLEWIS.COM
ADMITTED IN VA

JEWELL LIM ESPOSITO
DIRECT DIAL: (703) 483-8385
E-MAIL: JEWELL.ESPOSITO@JACKSONLEWIS.COM
ADMITTED IN DC

December 11, 2014

**VIA ELECTRONIC MAIL**
Jodeen Hobbs, Esq.
Office of the Solicitor
Department of Labor
Suite 630 East
The Curtis Center
170 S. Independence Mail West
Philadelphia, Pennsylvania 19106

Re:   <u>Investigation of The Chimes D.C. Inc., Health and Welfare Plan</u>
      <u>EBSA, Case No. 22-014955</u>

Dear Ms. Hobbs:

Jeff Ramsey, a service provider for the Chimes D.C., Inc. Health and Welfare Plan ("the Plan") through the Benefits Consulting Group and/or BCGHR LLC, has fully cooperated with your investigation of the Plan. On April 19, 2013, Mr. Ramsey incurred travel expenses to Washington, D.C. and voluntarily allowed an interview with Department of Labor investigator Siamack Gharanfoli for six hours, when Mr. Gharanfoli expressly said the interview would last no longer than three. Mr. Ramsey, Benefits Consulting Group, and/or BCGHR LLC have provided discovery requests (including electronic data and several boxes of documents) to the Department and last month testified for over seven hours. Despite over 13 hours of face-to-face inquiry and complete cooperation, the Department has used subversive and improper tactics to move beyond the investigation of The Plan in order to unduly burden Mr. Ramsey.

On August 12, 2014, you subpoenaed Mr. Ramsey to give sworn testimony on September 23, 2014 in connection with the investigation of the Plan. On September 17, 2014, Jewell Lim Esposito, ERISA counsel for Mr. Ramsey, enquired whether Paul Gebowski was formerly of or detailed from the Federal Bureau of Investigation. That is because Mr. Ramsey indicated he wished to have criminal counsel present at the deposition if a former FBI employee was to be part of the Plan investigation (even though there are no known criminal issues over which to be concerned). Mr. Gharanfoli gave assurances to Ms. Esposito that sidestepped the articulated concern. On that note and based on these assurances from Mr. Gharanfoli, Mr. Ramsey wasted his time and several thousand dollars to travel to the deposition in our metro DC office.



Notwithstanding, on the morning of the intended deposition, Mr. Gebowski himself affirmatively volunteered his past employment with the FBI. If the Department had simply confirmed that fact prior to the scheduled deposition, Mr. Ramsey would have had representation at the deposition in addition to ERISA counsel. As a result, all the parties had to reschedule the deposition, a consequence that could have been entirely avoided had the Department been forthcoming when specifically asked about the presence of a former FBI employee at Mr. Ramsey's scheduled deposition. As a result of the Department's lying by omission, Mr. Ramsey has incurred significant loss of productivity and operational attention to his business.

In the rescheduling of the deposition, we indicated to you that Ms. Esposito's father-in-law passed away and asked for common courtesy to delay the scheduling of the deposition until a mutually appropriate time after bereavement of the family's death. Rather than showing any basic human decency, the Department immediately sent a second subpoena and unilaterally scheduled the deposition on November 6, 2014. In an effort to cooperate, we did not object to this seditious maneuver. Rather, Mr. Ramsey agreed to attend the deposition on that date and in fact testified for the entire day. Moreover, the Department's questions clearly went well beyond the scope of the investigation of The Plan, but Mr. Ramsey continued to cooperate and attempted to answer all of your questions. At the end of the deposition, you stated that you had no more questions and indicated that you no longer needed Mr. Ramsey's testimony.

Despite these assurances, immediately prior to the Thanksgiving holiday and during what we have advised you is Mr. Ramsey's and staffs' busiest time of year, the Department requested additional testimony beyond the thirteen hours Mr. Ramsey had already given and additional documents, many of which have already been produced and some of which are outside the scope of the investigation of the Plan. In an effort to continue his cooperation with this investigation, Mr. Ramsey began making reasonable efforts to locate the documents and schedule a time for this deposition.

Notwithstanding Mr. Ramsey's assistance in the Department's investigation, the Department has been calling and harassing Mr. Ramsey's professional business associates who have no relation to the Plan, and otherwise disrupting Mr. Ramsey's business operations and livelihood. We have knowledge of Mr. Gharanfoli contacting Mr. Ramsey's associates and misstating Mr. Ramsey's deposition testimony and detailing his personal bank records. These methods have irreparably disrupted Mr. Ramsey's business, employee staff, and livelihood. The Department's investigation has clearly gone from a simple inquiry into the Chimes D.C., Inc. Health and Welfare Plan and into a full blown inquisition of Mr. Ramsey that has caused great damage to his business. Your inquiries have now become an undue burden on Mr. Ramsey. Moreover, because of this damage to Mr. Ramsey's business, we reserve our right to bring a claim under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 & 28 U.S.C. § 2412.

**jackson|lewis**
Attorneys at Law

We have also recently become aware that you subpoenaed Mr. Ramsey's bank records in February 2014. Under the Right to Financial Privacy Act, no Government authority may have access to or obtain copies of, or information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and, in relevant part, such financial records are disclosed in response to an administrative subpoena or summons which meet the requirements of 12 U.S.C. § 3405. See 12 U.S.C. § 3402.

Section 3405 provides that a Government authority may obtain financial records pursuant to an administrative subpoena or summons otherwise authorized by law *only if* a copy of the subpoena or summons (a) has been served upon the customer or (b) mailed to his last known address on or (c) before the date on which the subpoena or summons was served on the financial institution together with language provided specifically in Section 305.

Upon information and belief, the Department issued an administrative subpoena to Ciera Bank (of Flower Mound, Texas) in February 2014 for the financial records of every account in Mr. Ramsey's name. The Department thereafter received these financial records and proceeded to use these records in the inquisition of Mr. Ramsey and in matters unrelated to the Department's investigation of the Plan. Our client was not served with this subpoena, and we have no knowledge that the Department otherwise followed the customer notice procedures set forth in the statute. As such, Mr. Ramsey may be entitled to an injunction, civil penalties, actual damages, punitive damages, and attorney's fees for this apparent violation. Furthermore, a violation of this statute would have caused an undue burden on Mr. Ramsey and his business as (1) he has had to respond to numerous inquiries based on these records without the knowledge that these records were in the Government's possession, and (2) he has had to respond to business contacts' queries regarding the Department. The Department is threatening Mr. Ramsey's very livelihood.

We are assessing our client's rights with respect to tortious interference with business expectancy and contracts, as well as defamation, as your tactics have resulted in lost revenue and emotional distress to Mr. Ramsey.

Nonetheless, we are still in the process of gathering documents responsive to your request. Prior to providing you any documents, we request proof that you followed the statutory requirements for service in obtaining Mr. Ramsey's financial records. Please provide a copy of the subpoena, a copy of the certificate of service that you provided to the bank, and any evidence documenting proof of service.

Moreover, Mr. Ramsey will continue to cooperate with the Departments investigation of the Plan. However, with over 12 hours of testimony, wasted time and finances as a result of Department dishonesty, and duplication of discovery, Mr. Ramsey can no longer continue to suffer being away from his business. He will continue to cooperate so long as any additional questions for Mr. Ramsey are submitted in writing. Please provide in writing any additional questions you may have for Mr. Ramsey directly to us, as his proxy.

 **jackson lewis**
| Attorneys at Law

If you have any questions, please do not hesitate to contact us.

Very truly yours,

Ramsay C. McCullough

Jewell Esposito (RCM)

Jewell Lim Esposito

Cc:    Oscar L. Hampton III, Philadelphia Regional Solicitor
Marc I. Machiz, Philadelphia Regional Director
Siamack Gharanfoli, Senior Investigator
Paul Gebowski, Investigator

**U.S. Department of Labor**     Office of the Regional Solicitor
Suite 630 East
The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306



Reply to the Attention of:   Sol #
Telephone:  (215) 861-      5143

Facsimile:
(215) 861-5162

January 26, 2015

Ramsay C. McCullough, Esquire
Jewell L. Esposito, Esquire
Jackson Lewis P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia 23510

Re:     Investigation of The Chimes D.C. Inc., Health & Welfare Plan
        EBSA Case No. 22-014955

Dear Mr. McCullough and Ms. Esposito:

I write in response to your December 11, 2014 letter regarding the above-referenced matter. The
Employee Benefits Security Administration (EBSA) disagrees with your recitation of the history
of this matter as follows:

1.  EBSA advised Ms. Esposito of the attendees well in advance of the statement date.

EBSA issued a subpoena for sworn testimony to Mr. Ramsey on August 12, 2014. The
testimony was scheduled for September 23, 2014 per agreement between EBSA and Mr.
Ramsey. On August 18, 2014, Senior Investigator Siamack Gharanfoli confirmed that he, Mr.
Geboski and I would be present at the sworn statement. Nearly a month later, on September 15,
2014, Ms. Esposito asked for the formal titles of those from EBSA who were going to be present
at the interview.  On the same date, Mr. Gharanfoli provided my title and Mr. Geboski's. Ms.
Esposito then asked whether Mr. Geboski was working with EBSA on a detail from the FBI. Mr.
Gharanfoli responded on September 17, 2014 as follows:

EBSA Case 22-014955 is a civil investigation/audit of The Chimes D.C., Inc, Health & Welfare
Plan. Paul Geboski is an employee of the Department of Labor assigned to this case. He is not
on detail from any other agency. Any other questions you may have about Investigator Geboski
can be referred to Elham Fayyazi, Group Supervisor, who is copied on this email.

Thus, Ms. Esposito was aware of Mr. Geboski's role with EBSA and that he was not working
with any other agency prior to the statement date. Although provided with contact information,
Ms. Esposito did not contact Ms. Fayyazi regarding Mr. Geboski's prior employment.



EXHIBIT
4

Further, on September 22, 2014, Ms. Esposito confirmed that she and Mr. Ramsey would be prepared to begin the statement on September 23, 2014 at 9:00 a.m. Accordingly, Mr. Gharanfoli, Mr. Geboski and I traveled, at the government's expense, to the offices of Jackson Lewis PC in Reston, Virginia, on the morning of September 23, 2014. At no point prior to September 23, 2014 did Ms. Esposito ever state that Mr. Ramsey desired to have criminal counsel present during his statement should Mr. Geboski be in attendance.

Mr. Ramsey, although in Reston on September 23, 2014, refused to appear as mandated by the subpoena. Specifically, Ms. Esposito confirmed on the record that Mr. Ramsey refused to answer questions "because of Paul Geboski being at the table." *See* Sept. 23, 2014 Statement on the Record at 9. Mr. Ramsey and Ms. Esposito, however, were well aware prior to September 23, 2014 who would be present for the sworn statement.

Once it became clear that Mr. Ramsey felt the need to avail himself of an attorney experienced in criminal law before and during the statement, EBSA agreed that it could be rescheduled.

2. Ms. Esposito supplied the re-scheduled date.

On September 26, 2014, I sent a letter to Ms. Esposito asking her to provide new dates for Mr. Ramsey's sworn testimony. As of October 7, 2014, I had not received a response from Ms. Esposito and sent her an email requesting that dates be promptly provided. On October 14, 2014, Ms. Esposito responded that she was still trying to determine Mr. Ramsey's availability. On October 21, 2014, I still had not heard from Ms. Esposito and left her a voice mail requesting that alternative dates be provided. In an email, Ms. Esposito confirmed that her attempts to secure alternative dates from Mr. Ramsey were unsuccessful. On October 22, 2014—a full month after the original subpoena return date—Ms. Esposito offered dates that Mr. Ramsey was available but stated that she would need to coordinate attorney schedules. Thereafter, I promptly served the subpoena for Mr. Ramsey's attendance on November 6, 2014, a date that had been suggested by Ms. Esposito. At no time did Ms. Esposito contact me to suggest that she or any other attorney was unavailable on this date.

3. EBSA served a subpoena for records for an account that was identified as a business account.

On February 14, 2014, EBSA served a subpoena to the First Security Bank, N.A. (bank) in Flower Mound, Texas for records relating to Benefits Consulting Group. Prior to serving this subpoena, EBSA was advised by the bank that the account for which records were sought was a business account. Records in Mr. Ramsey's name were not subpoenaed. A copy of the subpoena that was served is attached.

2

On February 19, 2014, the bank (now known as Ciera Bank) produced electronic documents related to Benefits Consulting Group, Benefits Consulting Group, LLC and BCGHR, LLC. After receipt of your December 11, 2014 letter, the records relating to Benefits Consulting Group were segregated from the rest of the bank's electronic production and maintained in a restricted access electronic folder. Prior to the segregation, the Benefits Consulting Group records were not utilized by EBSA in its investigation.

Although EBSA did not subpoena records in Mr. Ramsey's name and in an abundance of caution, we are deleting the records related to Benefits Consulting Group that are in EBSA's possession and issuing a new subpoena that conforms to the Right to Financial Privacy Act. A copy of the new subpoena and attendant documents are enclosed. If you are not willing to accept this subpoena on Mr. Ramsey's behalf, kindly let me know immediately and we will make arrangements to serve him directly.

While Mr. Ramsey may have a right to challenge the release of the Benefits Consulting Group records under the Right to Financial Privacy Act, any such challenge would be futile. The subpoenas issued by EBSA are part of an ongoing investigation of an ERISA-covered plan and the records requested relate to an entity that conforms to the Right to Financial Privacy Act. Accordingly, the records are appropriate for release as they are responsive to a legitimate law enforcement inquiry. *See* 12 U.S.C. § 3405(a) *et seq*. EBSA is not in possession of any information that alters this analysis. If you believe, however, that a reason exists to support that the records should be protected, kindly advise me at your earliest convenience. I further am unaware of any case law interpreting the Right to Financial Privacy Act that protects the disclosure of the Benefits Consulting Group records under these circumstances. To the contrary, case law in the Fifth Circuit supports the production of documents such as the ones requested by EBSA. *See Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 878-79 (5th Cir. 1989)(court's inquiry under Right to Financial Privacy Act is limited to whether the investigation is for a proper statutory purpose and whether the documents the agency seeks are relevant to the investigation).

As you are aware, the Right to Financial Privacy Act only protects a "person" and does not provide protection to corporations. *See* 12 U.S.C. § 3401. Accordingly, EBSA is not taking any action with respect to records received related to the Benefits Consulting Group, LLC and BCGHR, LLC accounts.

Finally, I ask that you produce the records that EBSA previously subpoenaed and to which Mr. Ramsey testified that he possesses. In particular, Mr. Ramsey testified that he has records of travel (hotels, flights and related expenses) by him or his staff on behalf of the Chimes. These records are responsive to Request No. 1 in the July 23, 2014 subpoenas issued to Benefits Consulting Group and Mr. Ramsey as the records relate to the cost of services provided to the Plan. Further, Request No. 3 requests all documents relating to communications with anyone from the Chimes, the Trustee and any other service provider. Based upon Mr. Ramsey's testimony, EBSA anticipates that documents responsive to this request exist. None of the

3

documents produced by Mr. Ramsey, however, reflect that he initiated any communications with any of these persons or entities. Kindly confirm in writing that Mr. Ramsey has conducted a reasonable search for documents and that none exist.

I trust that this letter addresses the issues you raised. If it did not, kindly let me know and we can schedule a time to discuss your concerns.

Very truly yours,


Oscar L. Hampton III
Regional Solicitor

By:    *[signature]*

Jodeen M. Hobbs
Attorney

cc:    Marc I. Machiz, EBSA, Regional Director
Siamack Gharanfoli, Senior Investigator
Paul Geboski, Investigator

SOL:JMH:jb

4

**U.S. Department of Labor**     Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(202) 693-8700  FAX: (202) 693-8736



VIA 1st CLASS and CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mr. Jeffrey Ramsey
c/o Ramsay C. McCullough, Esquire
Jewell L. Esposito, Esquire
Jackson Lewis P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia 23510

Re:   The Chimes, D.C., Inc. Health and Welfare Plan
      EBSA Investigation No. 22-014955

Dear Mr. Ramsey:

Records or information concerning your transactions which are held by the financial institution named in the attached subpoena are being sought by the United States Department of Labor, Employee Benefits Security Administration, in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. §§3401 et seq., for the purpose of determining whether any individual has violated or is about to violate any provision of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA").

If you desire that such records or information not be made available, you must:

1.  Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

2.  File the motion and statement by mailing or delivering them to the clerk of any one of the following United States district courts:

    District of Columbia
    Eastern District of Texas

3.  Serve the United States Department of Labor, Employee Benefits Security Administration, by delivering a copy of your motion and sworn statement, in person or by registered or certified mail, to:

    Marc I. Machiz, Regional Director
    United States Department of Labor
    Employee Benefits Security Administration
    Philadelphia Regional Office

The Curtis Center, Suite 870 West
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106-3317

4. Be prepared to come to court and present your position in further detail.

5. You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you consent to the release of the requested documents, sign the attached consent form and return them to me at the above-referenced address.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing this notice, the records or information requested therein will be made available. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

Very truly yours,

Norman Jackson, Deputy Regional Director
United States Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office
The Curtis Center, Suite 870 West
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106-3317

Enclosures:     Subpoena
                Consent Form
                Motion Form
                Instructions
                Sworn Statement Form
                Certificate of Service

# INSTRUCTIONS FOR COMPLETING AND FILING THE ATTACHED
## MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the attached motion and sworn statement forms. The information required for each space is described in parentheses under each space to be completed.

2. The most important part of your challenge application is the space on the sworn statement form where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the attached notice. You may also challenge the Department of Labor's access to the financial records if there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and one copy of your challenge papers together with cash, certified check, or money order in the amount of the Court's filing fee.

4. One copy of your challenge papers (motion and sworn statement) must be delivered or mailed (by registered or certified mail) to:

      Marc I. Machiz, Regional Director
      United States Department of Labor
      Employee Benefits Security Administration
      Philadelphia Regional Office
      The Curtis Center, Suite 870 West
      170 S. Independence Mall West
      Philadelphia, Pennsylvania 19106-3317

5. If you have further questions, contact:

      Marc I. Machiz, Deputy Regional Director
      United States Department of Labor
      Employee Benefits Security Administration
      Philadelphia Regional Office
      The Curtis Center, Suite 870 West
      170 S. Independence Mall West
      Philadelphia, Pennsylvania 19106-3317
      Tel: (215) 861-5300

# UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF _____

|  |  |  |
|---|---|---|
| JEFFREY RAMSEY | ) | Miscellaneous No._____ |
|  | ) | (Will be filled in by Court Clerk) |
|  | ) |  |
| Movant | ) | MOTION FOR ORDER |
| v. | ) | PURUSANT TO CUSTOMER |
|  | ) | CHALLENGE PROVISIONS |
|  | ) | OF THE RIGHT TO FINANCIAL |
| UNITED STATES DEPARTMENT OF LABOR | ) | ACT OF 1978. |
|  | ) |  |
| Respondent | ) |  |

JEFFREY RAMSEY hereby moves this Court, pursuant to section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the United States Department of Labor, Employee Benefits Security Administration. My financial records are held by First Security Bank, N.A. (and successor, Cierra Bank).

In support of this motion, the Court is respectfully referred to my sworn statement filed with this motion.

Respectfully submitted,

_____
Jeffrey Ramsey

# UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF _____

| | |
|---|---|
| JEFFREY RAMSEY | ) Miscellaneous No._____ |
| | ) (Will be filled in by Court Clerk) |
| Movant | ) |
| | ) SWORN STATEMENT OF MOVANT |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF LABOR | ) |
| | ) |
| Respondent | ) |

I, JEFFREY RAMSEY, am presently/was previously a customer of FIRST SECURITY BANK, N.A. (and successor, Cierra Bank), and I am the customer whose records are being requested by the Government.

The financial records sought by the United States Department of Labor, Employee Benefits Security Administration:

Are not relevant to the legitimate law enforcement inquiry stated in the customer notice that was sent to me because

OR
should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that

OR
should not be disclosed on the following other legal basis

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
(Date)                                        Jeffrey Ramsey

## CERTIFICATE OF SERVICE

I have forwarded by certified or registered mail or delivered a copy of this motion and the attached sworn statement to:

Marc I. Machiz, Regional Director
United States Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office
The Curtis Center, Suite 870 West
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106-3317


on _____.
      (Date)


_____
Jeffrey Ramsey

**U.S. Department of Labor**   Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(202) 693-8700 FAX: (202) 693-8736



<u>VIA CERTIFIED MAIL No.</u>
<u>RETURN RECEIPT REQUESTED</u>

First Security Bank, N.A.
c/o Cierra Bank
1801 Cross Timbers
Flower Mound, Texas 75028

Re:   The Chimes D.C., Inc. Health and Welfare Plan
      EBSA Investigation No. 22-014955

Dear Sir or Madam:

Accompanying this letter is a subpoena *duces tecum* directed to First Security Bank, N.A.,
requiring the production of certain specified documents. These documents are necessary and
relevant to the above-referenced investigation being conducted by this office pursuant to its
responsibilities for enforcement of Title I of the Employee Retirement Income Security Act of
1974.

These documents were previously produced to the Employee Benefits Security Administration
(EBSA) in response to a subpoena issued on February 18, 2014. At that time, EBSA believed
that the documents requested were held in a business account. EBSA has since learned that the
material requested may concern an account which is maintained by a sole proprietorship and,
accordingly, the notice requirements of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 -
3422 may apply. Thus, the documents previously provided have been destroyed and in
accordance with the procedures set forth in the Right to Financial Privacy Act, we are reissuing
the subpoena and providing you with information this office sent to the subject customer.

In connection with this subpoena, we wish to minimize as much as possible interference with the
normal functioning of First Security Bank, N.A. We would be agreeable to discussing
alternative arrangements for production of the requested documents. Please have responsible
officials of First Security Bank, N.A. or legal counsel contact the undersigned regarding any
question arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

Norman Jackson
Deputy Regional Director
Philadelphia Regional Office

Enclosures

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

*To:*  First Security Bank, N.A.

*You are hereby required to appear before Siamack Gharanfoli, Investigator of the Employee Benefits Security Administration, U.S. Department of Labor, at 1335 East West Highway, Suite 200, Silver Spring, Maryland, 20910, on the 13th day of February, 2015 at 10 o'clock a.m. of that day, to testify in the Matter of an investigation of the*

*The Chimes, D.C. Inc. Health & Welfare Plan*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

*See Attachment*

*Fail not at your peril.*



In testimony whereof *I have hereunto affixed my signature and the seal of* the United States Department of Labor

*at  Philadelphia, Pennsylvania .*
this 26th *day of  February  ,* 2015

Norman Jackson
*Deputy Regional Director*

## Return of Service

I hereby certify that the original of the within subpoena was duly served on the person named herein.

(Check method used)

☐ in person

☐ by certified or registered mail

☐ other (specify) _____

☐ by leaving at principal office or place of business, to wit:

_____

on _____
(Month, day, year)

_____
(Name of person making service)

_____
(Official Title)

## Certification of Compliance

I certify that the person named herein was in attendance as a witness and/or produced the records requested herein at

_____

on _____
(Month, day, year)

_____
(Name of person certifying)

_____
(Official Title)

## ATTACHMENT TO SUBPOENA FOR
## FIRST SECURITY BANK, N.A.

### DEFINITIONS

A.  The Term "Plan" shall mean The Chimes, D.C. Inc. Health & Welfare Plan.

B.  The term "Company" shall mean Benefits Consulting Group or any predecessors, successors, affiliates or subsidiaries.

C.  The terms "You" and "Bank" shall mean First Security Bank, N.A., and its parent companies, any predecessor or successor corporations, and any subsidiaries or affiliates.

D.  The terms "affiliate" or "affiliated entities" shall be construed to mean corporations, partnerships, or other legal entities under common ownership or common control, including but not limited to, parent and subsidiary corporations.

E.  The term "bank account" means any account of any type, including checking, savings, custodial or trust accounts, offered by the Bank for use by its customers.

F.  "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq.

G.  "Employee Benefit Plans" means employee benefit plans as defined in Section 3(3) of ERISA.

H.  "Document" or "documents" means, including but not limited to, all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages (email), voice mail messages, electronic instant messages (IM), spreadsheets, databases, electronic calendars and contact managers, back-up data, and or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device), however produced, reproduced or stored, of every kind of description within your possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of you, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations; interviews, meetings and/or conferences; tabulations; and shall include the original and all non-identical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and

documents attached or referred to in any document to be produced pursuant to this subpoena.

I. "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and internet postings and discussions.

J. "Email" or "electronic mail" means any electronic communication made using computer communications software, whether through a local computer network or through the internet, and whether maintained in electronic form and/or paper form. Email maintained in electronic form may be produced in electronic form.

K. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

L. "Including" shall be construed to mean "without limitation."

M. "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

## INSTRUCTIONS

A. Scope of search. This subpoena calls for all documents in your possession, custody, or control. You are required to search for, obtain, and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody, or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

B. Relevant time period. Unless otherwise specified, the time period covered by this subpoena is from February 1, 2008 to the date of production. Documents created prior to February 1, 2008 which have been used or relied on since February 1, 2008 or which describe legal duties which remain in effect after February 1, 2008 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

C. Privileges and Protections. If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, identify the documents you claim are privileged in a written response, and indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of

the document; 4) the type, length, and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

D. Electronically stored information. If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

E. Tenses. Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the present tense.

F. Singular/Plural. The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular.

G. Manner of production. All documents produced in response to this subpoena shall comply with the following instructions:

  a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

  b. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

  c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

  d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

  e. All documents provided in response to this subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

  f. In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

3

g.  If documents relied upon or required to respond to any of this subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

h.  Electronic media:

   To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media:  Compact Disk–Read Only Memory (CD-ROM), Digital Versatile Disc–Read Only Memory (DVD), or USB hard drive.

## DOCUMENTS TO BE PRODUCED

1.  All documents identifying all bank accounts in the name of Benefits Consulting Group, including but not limited to First Security Bank, N.A. account # 1005222.

2.  All documents identifying all signatories on the account(s) identified in response to item #1.

3.  All monthly account statements for the bank account(s) identified in response to item #1.

4.  All documents which identify all disbursements from the bank account(s) identified in item #1, including but not limited to wire transfers, electronic funds transfers, money orders, cashiers checks or cash disbursements from the account; and copies of the front and back of all checks disbursed.

5.  All records of deposits or transfers into the account(s) identified in response to item #1.

6.  All debit, credit, or wire transfer memos and other documents relating to any deposits or withdrawals involving any of the bank account(s) identified in response to item #1.

7.  All correspondence between Jeffrey Ramsey and First Security Bank, N.A. relevant to any of the account(s) identified in response to item #1.

# UNITED STATES DEPARTMENT OF LABOR
## EMPLOYEE BENEFITS SECURITY ADMINISTRATION
### Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, Maryland 20910

## CERTIFICATE OF COMPLIANCE
## WITH THE RIGHT TO FINANCIAL PRIVACY ACT

To:   First Security Bank, N.A.
      c/o Cierra Bank
      1801 Cross Timbers
      Flower Mound, Texas 75028

From: Norman Jackson, Deputy Regional Director
      United States Department of Labor
      Employee Benefits Security Administration
      Philadelphia Regional Office

I hereby certify that the applicable provisions of the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422, have been complied with as to the subpoena presented on January 26, 2015 for the following records of Benefits Consulting Group:

1.  All documents identifying all bank accounts in the name of Benefits Consulting Group, including but not limited to First Security Bank, N.A. (and successor, Cierra Bank) account # 1005222.

2.  All documents identifying all signatories on the account(s) identified in response to item #1.

3.  All monthly account statements for the bank account(s) identified in response to item #1.

4.  All documents which identify all disbursements from the bank account(s) identified in item #1, including but not limited to wire transfers, electronic funds transfers, money orders, cashiers checks or cash disbursements from the account; and copies of the front and back of all checks disbursed.

5.  All records of deposits or transfers into the account(s) identified in response to item #1.

6.  All debit, credit, or wire transfer memos and other documents relating to any deposits or withdrawals involving any of the bank account(s) identified in response to item #1.

7.  All correspondence between Jeffrey Ramsey and First Security Bank, N.A. (and successor, Cierra Bank) relevant to any of the account(s) identified in response to item #1.


_2/26/15_
Date

Norman Jackson, Deputy Regional Director
United States Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office

Pursuant to the Right to Financial Privacy Act of 1978, good faith reliance upon this certificate relieves your institution and its employees and agents of any possible liability to the customer in connection with the disclosure of these financial records.

# SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

*To:     Benefits Consulting Group*

*You are hereby required to appear before Siamack Gharanfoli, Investigator of the Employee Benefits Security Administration, U.S. Department of Labor, at 1335 East West Highway, Suite 200, Silver Spring, Maryland, 20910, on the 12th day of August, 2013 at 10 o'clock a.m. of that day, to testify in the Matter of an investigation of the*

*The Chimes D.C., Inc. Health and Welfare Plan*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

*See Attachment*

*Fail not at your peril.*



**In testimony whereof** *I have hereunto affixed my signature and the seal of the* **United States Department of Labor**

*at   Philadelphia, Pennsylvania .*
*this 27 day of July , 2013*

Marc I. Machiz
**Regional Director**



EXHIBIT
**5**

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP

### DEFINITIONS

A. "Plan Administrator," "Employer," "Company," "Company Name," shall mean the "The Chimes D.C., Inc.".

B. "Plan" shall mean the "The Chimes, D.C. Inc., Health and Welfare Plan".

C. The term "BCG" or "You" shall mean Benefits Consulting Group and any predecessor, successor, subsidiary, or affiliate corporation, organization or entity.

D. "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq.

E. "Employee Benefit Plans" means employee benefit plans as defined in Section 3(3) of ERISA.

F. The term "Fiduciary" shall have the same meaning as such term has under section 3(21) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C., Section 1002(21), and sections and regulations related thereto.

G. "Document" or "documents" means, including but not limited to, all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages (email), voice mail messages, electronic instant messages (IM), spreadsheets, databases, electronic calendars and contact managers, back-up data, and/or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device), however produced, reproduced or stored, of every kind of description within the your possession, custody or control, or the possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on your behalf, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations; interviews, meetings and/or conferences; tabulations; and shall include the original and all nonidentical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any document to be produced pursuant to this subpoena.

H. "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise),

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP

including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and Internet postings and discussions.

I.  "Email" or "electronic mail" means any electronic communication made using computer communications software, whether through a local computer network or through the Internet, and whether maintained in electronic form and/or paper form.  Email maintained in electronic form must be produced in electronic form.

J.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

K.  "Including" shall be construed to mean "without limitation."

L.  "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

## INSTRUCTIONS

A.  Scope of search.  This subpoena calls for all documents in your possession, custody, control.  You are required to search for, obtain and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession.  This includes any responsive documents in the possession, custody or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys or advisors.

B.  Relevant time period.  Unless otherwise specified, the time period covered by this subpoena is from January 1, 2007 to the date of production.  Documents created prior to January 1, 2007 which have been used or relied on since January 1, 2007 or which describe legal duties which remain in effect after January 1, 2007 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

C.  Privileges and Protections.  If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, please identify the documents you claim are privileged in a written response, and please indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length and date of the document; 5) the author of and/or signatory on the document; 6) the identity of each person to whom the

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP

document was directed or distributed; and 7) the nature of the document, e.g., letter, memorandum.

D. <u>Electronically stored information.</u> If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

E. <u>Tenses.</u> Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the past tense.

F. <u>Singular/Plural.</u> The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular.

G. <u>Manner of production.</u> All documents produced in response to this subpoena shall comply with the following instructions:

    a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

    b. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

    c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

    d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

    e. All documents provided in response to this subpoena are to include the notes written in a margin and post-its, as well as any attachment referred to or incorporated by the documents.

    f. In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP

g.  If documents relied upon or required to respond to any of this subpoena, or
    requested documents, are no longer in your possession, custody, or control, you
    are required to state what disposition was made of such documents, including
    identification of the person(s) who are believed to be in possession or control of
    such documents; the date or dates on which such disposition was made, and the
    reason for such disposition.

h.  Electronic media:

    To the extent that the documents that are responsive to this subpoena may exist on
    electronic media, those documents shall be provided on one of the following
    media: Compact Disk – Read Only Memory (CD-ROM), Digital Versatile Disc –
    Read Only Memory (DVD) or USB hard drive.

### DOCUMENTS TO BE PRODUCED

1.  All documents relating to the nature, scope and cost of services provided or rendered to
    the Plan by BCG, including but not limited to agreements, contracts, fee schedules,
    descriptions of fees or tariffs, and related documents.

2.  All documents relating to the terms, conditions and operation of the Plan and related
    Trusts, including but not limited to all Plan instruments, Plan documents, trust
    agreements, summary plan descriptions, summary annual reports, and all amendments
    thereto.

3.  All documents relating to communications concerning the Plan between, or among, BCG
    or any of its agents or representatives and any of the following: any trustee of the Plan,
    any official of the Company, any Plan official, any Plan fiduciary or service provider.

4.  All documents identifying all bank accounts in the name of the Plan or for the benefit of
    the Plan.

5.  All documents which identify all receipts into the account(s) identified in item 4,
    including but not limited to transmittal forms sent with payments from the Plan; wire
    transfers, electronic fund transfers, money orders, cashiers checks or cash receipts to the
    account.

6.  All documents which identify all disbursements from the account(s) identified in item 4,
    including but not limited to wire transfers, electronic funds transfers, money orders,
    cashiers checks or cash disbursements from the account; and the front and back copies of
    all checks disbursed.

7.  All documents relating to the financial accounts of the Plan, other than documents
    provided under items 4, 5 and 6, including but not limited to bank accounts, mutual funds
    statements, K-9s, brokerage statements, charts of accounts, general and subsidiary

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP

ledgers, trial balances, journals, and cash receipts and disbursements with associated source documents including but not limited to canceled checks, wire transfers, electronic fund transfers, deposit slips, and invoices used to prepare the aforementioned accounts and statements.

8.  All documents relating to the Company's contributions to the Plan and all documents used and relied upon to consider when the Company's contributions were to be made.

9.  All documents relating to any financial deficiencies relating to any accounts to the Plan, including but not limited to deficient or missing employee and/or Company contributions.

10. All documents utilized in billing the Employer for approved and payable claims including, but not limited to, documents used to remind the Employer of unpaid claims.

11. All documents related to any payments made by or on behalf of the Plan to insurance companies, including captive insurance companies, reinsurers and health care networks including, but not limited to preferred provider organizations, vision care plans, and prescription drug plans.

12. All documents relating to discounts, rebates, or other payments received by BCG from any service providers and networks identified in item 11.

13. All documents relating to any payments to BCG from the Plan or from the Employer on behalf of the Plan, including, but not limited to receipt of payment by BCG to pay claims or to reimburse BCG for claims paid.

14. All documents relating to any payments from BCG or the Plan to the Employer.

15. All documents related to any payments from BCG to any service provider to the Plan.

16. All documents related to any payments from Plan service providers to BCG.

**U.S. Department of Labor**

Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225



April 4, 2013

(202) 693-8700   FAX: (202) 693-8736

**CERTIFIED MAIL NO:**        **7012 3460 0001 6928 0315**
**RETURN RECEIPT REQUESTED**

Benefits Consulting Group, LLC
c/o Patton Boggs, LLP
Mr. Michael A. Curto, Esq.
2550 M Street, NW
Washington, DC 20037

Re:   The Chimes D.C. Inc., Health and Welfare Plan
      EBSA Case No. 22-014955

Dear Mr. Curto:

This office is conducting an investigation of the above-referenced matter pursuant to §504(a)(1) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1134(a)(1), to determine whether any person has violated or is about to violate any provision of Title I of ERISA. Enclosed is a subpoena which requires Benefits Consulting Group, LLC to produce certain documents and records in connection with that investigation.

Your personal appearance pursuant to this subpoena will not be required at this time provided the documents are produced on or before the date noted in the subpoena. You will be informed at a later date if your personal appearance to testify is required. Inasmuch as your appearance is not now being required, please provide a cover letter with Benefits Consulting Group, LLC's response which identifies the documents being produced. The cover letter should also state whether a diligent search has been made for the subpoenaed documents and that the documents transmitted constitute all documents called for by the subpoena.

The subpoena requests that documents maintained in electronic form, Electronically Stored Information (ESI), be produced in electronic form. The formats in which EBSA can accept ESI are listed in the subpoena. When producing ESI, the material should be produced as maintained on Benefits Consulting Group's computer system, i.e., ESI should be produced with all files, folders and sub-folders intact, and emails should be produced with all attachments intact.

If any documents called for are not furnished, please list such documents and indicate their location and the reason for their non-production.

This inquiry should not be construed as an indication that any violations of law have occurred or as a reflection upon any person involved in this matter.



EXHIBIT

**6**

1 of 2

If you have any questions concerning your rights and duties, you may wish to consult counsel.  If you have any questions concerning the subpoena or the documents required to be produced, including the production of ESI and the appropriate format and media, please call Senior Investigator Siamack Gharanfoli at 202.693.8719.

Sincerely,

Marc I. Machiz
Regional Director
Philadelphia Region

Attachment

## SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

*To:      Benefits Consulting Group, LLC*

*You are hereby required to appear before Siamack Gharanfoli, Investigator of the Employee Benefits Security Administration, U.S. Department of Labor, at 1335 East West Highway, Suite 200, Silver Spring, Maryland, 20910, on the 17th day of April, 2013 at 10 o'clock a.m. of that day, to testify in the Matter of an investigation of the*

*The Chimes D.C., Inc. Health and Welfare Plan*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

*See Attachment*

*Fail not at your peril.*



**In testimony whereof** *I have hereunto affixed my signature and the seal of the* **United States Department of Labor**

*at   Philadelphia, Pennsylvania .*
*this  4th  day of  April  , 2013*

Marc I. Machiz
**Regional Director**

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP, LLC

### DEFINITIONS

A. "Plan Administrator," "Employer," "Company," "Company Name," shall mean the "The Chimes D.C., Inc.".

B. "Plan" shall mean the "The Chimes, D.C. Inc., Health and Welfare Plan".

C. The term "BCG" or "You" shall mean Benefits Consulting Group, LLC, and any predecessor, successor, subsidiary, or affiliate corporation, organization or entity.

D. "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq.

E. "Employee Benefit Plans" means employee benefit plans as defined in Section 3(3) of ERISA.

F. The term "Fiduciary" shall have the same meaning as such term has under section 3(21) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C., Section 1002(21), and sections and regulations related thereto.

G. "Document" or "documents" means, including but not limited to, all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages (email), voice mail messages, electronic instant messages (IM), spreadsheets, databases, electronic calendars and contact managers, back-up data, and/or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device), however produced, reproduced or stored, of every kind of description within the Company's possession, custody or control, or the possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of the Company, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations; interviews, meetings and/or conferences; tabulations; and shall include the original and all nonidentical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any document to be produced pursuant to this subpoena.

H. "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise),

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP, LLC

including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and Internet postings and discussions.

I.  "Email" or "electronic mail" means any electronic communication made using computer communications software, whether through a local computer network or through the Internet, and whether maintained in electronic form and/or paper form.  Email maintained in electronic form must be produced in electronic form.

J.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

K.  "Including" shall be construed to mean "without limitation."

L.  "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

### INSTRUCTIONS

A.  Scope of search.  This subpoena calls for all documents in your possession, custody, control.  You are required to search for, obtain and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession.  This includes any responsive documents in the possession, custody or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys or advisors.

B.  Relevant time period.  Unless otherwise specified, the time period covered by this subpoena is from January 1, 2007 to the date of production.  Documents created prior to January 1, 2007 which have been used or relied on since January 1, 2007 or which describe legal duties which remain in effect after January 1, 2007 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

C.  Privileges and Protections.  If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, please identify the documents you claim are privileged in a written response, and please indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length and date of the document; 5) the author of and/or signatory on the document; 6) the identity of each person to whom the

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP, LLC

document was directed or distributed; and 7) the nature of the document, e.g., letter, memorandum.

D. <u>Electronically stored information</u>. If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats: Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks. Files of the preceding types can be submitted in a ZIP compressed format. Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents. Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

E. <u>Tenses</u>. Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the past tense.

F. <u>Singular/Plural</u>. The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular.

G. <u>Manner of production</u>. All documents produced in response to this subpoena shall comply with the following instructions:

    a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

    b. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

    c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

    d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

    e. All documents provided in response to this subpoena are to include the notes written in a margin and post-its, as well as any attachment referred to or incorporated by the documents.

    f. In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP, LLC

g.  If documents relied upon or required to respond to any of this subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

h.  Electronic media:

To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media: Compact Disk -- Read Only Memory (CD-ROM), Digital Versatile Disc -- Read Only Memory (DVD) or USB hard drive.

## DOCUMENTS TO BE PRODUCED

1.  All documents relating to the nature, scope and cost of services provided or rendered to the Plan by BCG, including but not limited to agreements, contracts, fee schedules, descriptions of fees or tariffs, and related documents.

2.  All documents relating to the terms, conditions and operation of the Plan and related Trusts, including but not limited to all Plan instruments, Plan documents, trust agreements, summary plan descriptions, summary annual reports, and all amendments thereto.

3.  All documents relating to communications concerning the Plan between, or among, BCG or any of its agents or representatives and any of the following: any trustee of the Plan, any official of the Company, any Plan official, any Plan fiduciary or service provider.

4.  All documents identifying all bank accounts in the name of the Plan or for the benefit of the Plan.

5.  All documents which identify all receipts into the account(s) identified in item 4, including but not limited to transmittal forms sent with payments from the Plan; wire transfers, electronic fund transfers, money orders, cashiers checks or cash receipts to the account.

6.  All documents which identify all disbursements from the account(s) identified in item 4, including but not limited to wire transfers, electronic funds transfers, money orders, cashiers checks or cash disbursements from the account; and the front and back copies of all checks disbursed.

7.  All documents relating to the financial accounts of the Plan, other than documents provided under items 4, 5 and 6, including but not limited to bank accounts, mutual funds statements, K-9s, brokerage statements, charts of accounts, general and subsidiary

## ATTACHMENT TO SUBPOENA FOR
## BENEFITS CONSULTING GROUP, LLC

ledgers, trial balances, journals, and cash receipts and disbursements with associated source documents including but not limited to canceled checks, wire transfers, electronic fund transfers, deposit slips, and invoices used to prepare the aforementioned accounts and statements.

8.  All documents relating to the Company's contributions to the Plan and all documents used and relied upon to consider when the Company's contributions were to be made.

9.  All documents relating to any financial deficiencies relating to any accounts to the Plan, including but not limited to deficient or missing employee and/or Company contributions.

10. All documents utilized in billing the Employer for approved and payable claims including, but not limited to, documents used to remind the Employer of unpaid claims.

11. All documents related to any payments made to insurance companies, including captive insurance companies, reinsurers and health care networks including, but not limited to preferred provider organizations, vision care plans, and prescription drug plans.

12. All documents relating to discounts, rebates, or other payments received by BGC from any service providers and networks identified in item 11.

13. All documents relating to any payments to BCG from the Plan or from the Employer on behalf of the Plan, including, but not limited to receipt of payment by BCG to pay claims or to reimburse BCG for claims paid.

14. All documents relating to any payments from BCG or the Plan to the Employer.