## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| JEFFREY RAMSEY, | : | |
| | : | |
| Movant, | : | |
| v. | : | |
| | : | Misc. No. |
| | : | 3:15-mc-14 |
| UNITED STATES | : | |
| DEPARTMENT OF LABOR, | : | |
| | : | |
| Respondent. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECLARATION OF SIAMACK GHARANFOLI

1.   My name is Siamack Gharanfoli, and I am a Senior Investigator for the United States Department of Labor, Employee Benefits Security Administration ("EBSA").  I have personal knowledge of the facts and circumstances attested to in this Declaration.

2.   I have been assigned to conduct an investigation of The Chimes, D.C., Inc. Health and Welfare Plan (the "Plan") pursuant to section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1134(a)(1), to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order issued thereunder.  One part of the investigation is to determine whether any fiduciary, specifically including the Plan Sponsor, is receiving or has received any benefit from any party dealing with the Plan in connection with a transaction involving Plan assets.

3.      The Chimes District of Columbia, Inc. ("Chimes") is a not-for-profit organization

that provides employment opportunities for people with disabilities.  Chimes

sponsors and administers the Plan for the purpose of providing health and welfare

benefits to its employees.

4.      As Plan Administrator, Chimes is a fiduciary of the Plan within the meaning of

Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term

is defined in Sections 3(14) (A) and (C) of ERISA, 29 U.S.C. §§ 1002(14) (A)

and (E).

5.      Under ERISA, certain transactions are expressly prohibited between a fiduciary

and a party-in-interest.  29 U.S.C. §§ 1006(a).  In addition, ERISA prohibits a

fiduciary from dealing with assets of a plan for her own interest, acting in any

transaction involving the plan on behalf of a party whose interests are adverse to

the interest of the plan and from receiving any personal consideration in

connection with a transaction involving plan assets.  29 U.S.C. § 1006(b). Among

other things, EBSA's investigation is evaluating whether any such prohibited

transactions have occurred, whether committed by Chimes acting as a fiduciary or

by others.

6.      Benefits Consulting Group ("Benefits Consulting Group") is designated as the

Plan Representative pursuant to the Third Party Administrator Agreement

executed between the Plan Sponsor and Benefits Consulting Group. Jeffrey

Ramsey ("Ramsey") is the sole proprietor of Benefits Consulting Group. Benefits

Consulting Group continues to serve as the Plan Representative through the date

of this Declaration.  By providing services to the Plan, Benefits Consulting Group

is a party-in-interest to the Plan within the meaning of Section 3(14)(B) of
ERISA.

7.     During the course of the investigation, I learned that Benefits Consulting Group
fees were paid from the Plan's account and deposited into one or more of Benefits
Consulting Group's account(s) at First Security Bank, N.A. ("First Security
Bank").  I further learned that payments were made from Benefits Consulting
Group's account(s) at First Security Bank to an entity affiliated with Plan
fiduciaries.  In other words, the Plan made payments into Benefits Consulting
Group's account at First Bank, and Benefits Consulting Group made payments
benefitting, directly or indirectly, potential Plan fiduciaries from a First Bank
Account.  Among other things, this investigation is evaluating whether any of
these transactions involving Benefits Consulting Group violate Section 406 of
ERISA, or whether any fiduciary breached its duties under Section 404 with
respect to such transactions.

8.     On February 4, 2014 Marc I. Machiz, Regional Director for the Philadelphia
Region of EBSA, issued a subpoena *duces tecum* to First Security Bank.

9.     In the subpoena, EBSA requested the production of certain documents pertaining
to all accounts in Benefits Consulting Group's name.  The subpoena was tailored
to require the production of documents that would permit EBSA to conduct a full
analysis of all transactions that may have occurred between Benefits Consulting
Group (and any affiliates) and the Plan Sponsor and any other potential fiduciaries
or parties in interest.

10.      Prior to issuing the subpoena, I contacted First Security Bank and was advised that the accounts under the name of the Benefits Consulting Group were business accounts.

11.      On February 14, 2014, First Security Bank produced records in response to EBSA's subpoena, including records related to accounts in the name of Benefits Consulting Group ("Benefits Consulting Group") and BCGHR, LLC ("BCGHR"). First Security Bank produced the records electronically, via a CD. Based on my interview and administrative deposition with Mr. Ramsey, Benefits Consulting Group and BCGHR are both entities owned by Mr. Ramsey.

12.      BCGHR bank records revealed that BCGHR acts as a trustee to multiple employee benefit plans to which it was also providing additional services for a fee. As trustee, BCGHR has check-writing authority over bank accounts containing plan assets.

13.      Ramsey was administratively deposed as part of this investigation on November 6, 2014. During the administrative deposition I presented Ramsey with images of checks deposited into the BCGHR bank account from an employee benefit plan controlled by BCGHR. During Ramsey's administrative deposition, he denied that it was his signature on the checks written off the plan account and stated that he never authorized anyone to sign his name on the account.

14.      In order to further investigate these plan transactions, I contacted plan sponsors based on my review of BCGHR's bank records. I did not identify or contact any of Mr. Ramsey's business associates or customers based solely on the Benefits Consulting Group records.

15.     Ramsey was not presented with any records from the Benefits Consulting Group
        account during his November 6, 2014 administrative deposition. Furthermore, as
        the transcript substantiates, at no time during Ramsey's administrative deposition
        did EBSA introduce any information obtained exclusively from Benefits
        Consulting Group's bank records.

16.     Subsequent to Mr. Ramsey's December 11, 2014 letter to the DOL, EBSA deleted
        all records relating to the Benefits Consulting Group's accounts and issued a new
        subpoena to First Security Bank, including notice of Right To Financial Privacy
        Act customer challenge procedures.  The digital files were not altered from the
        time they were received from First Bank.

17.     A true and correct copy of the subpoena issued to First Security Bank on January
        26, 2015, and the documents sent to Ramsey's Counsel are attached hereto as
        Exhibit A.

18.     In the subpoena, EBSA requests the production of certain documents pertaining to
        all accounts in Benefits Consulting Group's name.  The subpoena is tailored to
        require the production of documents that will permit EBSA to conduct a full
        analysis of all transactions that may have occurred between Benefits Consulting
        Group (and any affiliates) and the Plan and any other potential fiduciaries or
        parties in interest.

19.     On February 13, 2015, I received notice of Mr. Ramsey's Motion To Quash.  I
        notified First Security Bank of this Motion.

20.   The investigation of the Plan is ongoing and cannot be completed until EBSA

receives and evaluates the documents specifically identified in the attachment to

the subpoena to First Security Bank.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

information and belief.

Executed on ___3.4.15___          _____

                                  Siamack Gharanfoli
                                  Senior Investigator
                                  Employee Benefits Security Administration

# EXHIBIT A

**U.S. Department of Labor**        Office of the Regional Solicitor
Suite 630 East
The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306



Reply to the Attention of:  Sol #
Telephone:  (215) 861-    5143                    Facsimile:
(215) 861-5162

January 26, 2015

Ramsay C. McCullough, Esquire
Jewell L. Esposito, Esquire
Jackson Lewis P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia  23510

Re:    Investigation of The Chimes D.C. Inc., Health & Welfare Plan
       EBSA Case No. 22-014955

Dear Mr. McCullough and Ms. Esposito:

I write in response to your December 11, 2014 letter regarding the above-referenced matter.  The
Employee Benefits Security Administration (EBSA) disagrees with your recitation of the history
of this matter as follows:

  1.  EBSA advised Ms. Esposito of the attendees well in advance of the statement date.

EBSA issued a subpoena for sworn testimony to Mr. Ramsey on August 12, 2014.  The
testimony was scheduled for September 23, 2014 per agreement between EBSA and Mr.
Ramsey.  On August 18, 2014, Senior Investigator Siamack Gharanfoli confirmed that he, Mr.
Geboski and I would be present at the sworn statement.  Nearly a month later, on September 15,
2014, Ms. Esposito asked for the formal titles of those from EBSA who were going to be present
at the interview.   On the same date, Mr. Gharanfoli provided my title and Mr. Geboski's.  Ms.
Esposito then asked whether Mr. Geboski was working with EBSA on a detail from the FBI. Mr.
Gharanfoli responded on September 17, 2014 as follows:

EBSA Case 22-014955 is a civil investigation/audit of The Chimes D.C., Inc. Health & Welfare
Plan.  Paul Geboski is an employee of the Department of Labor assigned to this case.  He is not
on detail from any other agency.  Any other questions you may have about Investigator Geboski
can be referred to Elham Fayyazi, Group Supervisor, who is copied on this email.

Thus, Ms. Esposito was aware of Mr. Geboski's role with EBSA and that he was not working
with any other agency prior to the statement date.  Although provided with contact information,
Ms. Esposito did not contact Ms. Fayyazi regarding Mr. Geboski's prior employment.

EXHIBIT A

Further, on September 22, 2014, Ms. Esposito confirmed that she and Mr. Ramsey would be prepared to begin the statement on September 23, 2014 at 9:00 a.m. Accordingly, Mr. Gharanfoli, Mr. Geboski and I traveled, at the government's expense, to the offices of Jackson Lewis PC in Reston, Virginia, on the morning of September 23, 2014. At no point prior to September 23, 2014 did Ms. Esposito ever state that Mr. Ramsey desired to have criminal counsel present during his statement should Mr. Geboski be in attendance.

Mr. Ramsey, although in Reston on September 23, 2014, refused to appear as mandated by the subpoena. Specifically, Ms. Esposito confirmed on the record that Mr. Ramsey refused to answer questions "because of Paul Geboski being at the table." *See* Sept. 23, 2014 Statement on the Record at 9. Mr. Ramsey and Ms. Esposito, however, were well aware prior to September 23, 2014 who would be present for the sworn statement.

Once it became clear that Mr. Ramsey felt the need to avail himself of an attorney experienced in criminal law before and during the statement, EBSA agreed that it could be rescheduled.

2. Ms. Esposito supplied the re-scheduled date.

On September 26, 2014, I sent a letter to Ms. Esposito asking her to provide new dates for Mr. Ramsey's sworn testimony. As of October 7, 2014, I had not received a response from Ms. Esposito and sent her an email requesting that dates be promptly provided. On October 14, 2014, Ms. Esposito responded that she was still trying to determine Mr. Ramsey's availability. On October 21, 2014, I still had not heard from Ms. Esposito and left her a voice mail requesting that alternative dates be provided. In an email, Ms. Esposito confirmed that her attempts to secure alternative dates from Mr. Ramsey were unsuccessful. On October 22, 2014—a full month after the original subpoena return date—Ms. Esposito offered dates that Mr. Ramsey was available but stated that she would need to coordinate attorney schedules. Thereafter, I promptly served the subpoena for Mr. Ramsey's attendance on November 6, 2014, a date that had been suggested by Ms. Esposito. At no time did Ms. Esposito contact me to suggest that she or any other attorney was unavailable on this date.

3. EBSA served a subpoena for records for an account that was identified as a business account.

On February 14, 2014, EBSA served a subpoena to the First Security Bank, N.A. (bank) in Flower Mound, Texas for records relating to Benefits Consulting Group. Prior to serving this subpoena, EBSA was advised by the bank that the account for which records were sought was a business account. Records in Mr. Ramsey's name were not subpoenaed. A copy of the subpoena that was served is attached.

2

On February 19, 2014, the bank (now known as Ciera Bank) produced electronic documents related to Benefits Consulting Group, Benefits Consulting Group, LLC and BCGHR, LLC. After receipt of your December 11, 2014 letter, the records relating to Benefits Consulting Group were segregated from the rest of the bank's electronic production and maintained in a restricted access electronic folder. Prior to the segregation, the Benefits Consulting Group records were not utilized by EBSA in its investigation.

Although EBSA did not subpoena records in Mr. Ramsey's name and in an abundance of caution, we are deleting the records related to Benefits Consulting Group that are in EBSA's possession and issuing a new subpoena that conforms to the Right to Financial Privacy Act. A copy of the new subpoena and attendant documents are enclosed. If you are not willing to accept this subpoena on Mr. Ramsey's behalf, kindly let me know immediately and we will make arrangements to serve him directly.

While Mr. Ramsey may have a right to challenge the release of the Benefits Consulting Group records under the Right to Financial Privacy Act, any such challenge would be futile. The subpoenas issued by EBSA are part of an ongoing investigation of an ERISA-covered plan and the records requested relate to an entity that was providing services to that plan. Accordingly, the records are appropriate for release as they are responsive to a legitimate law enforcement inquiry. *See* 12 U.S.C. § 3405(a) *et seq.* EBSA is not in possession of any information that alters this analysis. If you believe, however, that a reason exists to support that the records should be protected, kindly advise me at your earliest convenience. I further am unaware of any case law interpreting the Right to Financial Privacy Act that protects the disclosure of the Benefits Consulting Group records under these circumstances. To the contrary, case law in the Fifth Circuit supports the production of documents such as the ones requested by EBSA. *See Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 878-79 (5th Cir. 1989)(court's inquiry under Right to Financial Privacy Act is limited to whether the investigation is for a proper statutory purpose and whether the documents the agency seeks are relevant to the investigation).

As you are aware, the Right to Financial Privacy Act only protects a "person" and does not provide protection to corporations. *See* 12 U.S.C. § 3401. Accordingly, EBSA is not taking any action with respect to records received related to the Benefits Consulting Group, LLC and BCGHR, LLC accounts.

Finally, I ask that you produce the records that EBSA previously subpoenaed and to which Mr. Ramsey testified that he possesses. In particular, Mr. Ramsey testified that he has records of travel (hotels, flights and related expenses) by him or his staff on behalf of the Chimes. These records are responsive to Request No. 1 in the July 23, 2014 subpoenas issued to Benefits Consulting Group and Mr. Ramsey as the records relate to the cost of services provided to the Plan. Further, Request No. 3 requests all documents relating to communications with anyone from the Chimes, the Trustee and any other service provider. Based upon Mr. Ramsey's testimony, EBSA anticipates that documents responsive to this request exist. None of the

3

documents produced by Mr. Ramsey, however, reflect that he initiated any communications with any of these persons or entities. Kindly confirm in writing that Mr. Ramsey has conducted a reasonable search for documents and that none exist.

I trust that this letter addresses the issues you raised.  If it did not, kindly let me know and we can schedule a time to discuss your concerns.

Very truly yours,


Oscar L. Hampton III
Regional Solicitor


By:   _Jodeen M Hobbs_
      Jodeen M. Hobbs
      Attorney

cc:   Marc I. Machiz, EBSA, Regional Director
      Siamack Gharanfoli, Senior Investigator
      Paul Geboski, Investigator

SOL:JMH:jb

4

EXHIBIT A

**U.S. Department of Labor**   Employee Benefits Security Administration
Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, MD 20910-3225

(202) 693-8700  FAX: (202) 693-8736



## VIA 1ˢᵗ CLASS and CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Mr. Jeffrey Ramsey
c/o Ramsay C. McCullough, Esquire
Jewell L. Esposito, Esquire
Jackson Lewis P.C.
500 E. Main Street, Suite 800
Norfolk, Virginia  23510

Re:   The Chimes, D.C., Inc. Health and Welfare Plan
      EBSA Investigation No. 22-014955

Dear Mr. Ramsey:

Records or information concerning your transactions which are held by the financial institution named in the attached subpoena are being sought by the United States Department of Labor, Employee Benefits Security Administration, in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. §§3401 et seq., for the purpose of determining whether any individual has violated or is about to violate any provision of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA").

If you desire that such records or information not be made available, you must:

1.  Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

2.  File the motion and statement by mailing or delivering them to the clerk of any one of the following United States district courts:

    District of Columbia
    Eastern District of Texas

3.  Serve the United States Department of Labor, Employee Benefits Security Administration, by delivering a copy of your motion and sworn statement, in person or by registered or certified mail, to:

    Marc I. Machiz, Regional Director
    United States Department of Labor
    Employee Benefits Security Administration
    Philadelphia Regional Office

EXHIBIT A

1

The Curtis Center, Suite 870 West
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106-3317

4. Be prepared to come to court and present your position in further detail.

5. You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you consent to the release of the requested documents, sign the attached consent form and return them to me at the above-referenced address.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing this notice, the records or information requested therein will be made available.  These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.


Very truly yours,


Norman Jackson, Deputy Regional Director
United States Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office
The Curtis Center, Suite 870 West
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106-3317




Enclosures:    Subpoena
               Consent Form
               Motion Form
               Instructions
               Sworn Statement Form
               Certificate of Service

EXHIBIT A

# INSTRUCTIONS FOR COMPLETING AND FILING THE ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the attached motion and sworn statement forms. The information required for each space is described in parentheses under each space to be completed.

2. The most important part of your challenge application is the space on the sworn statement form where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the attached notice. You may also challenge the Department of Labor's access to the financial records if there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and one copy of your challenge papers together with cash, certified check, or money order in the amount of the Court's filing fee.

4. One copy of your challenge papers (motion and sworn statement) <u>must</u> be delivered or mailed (by registered or certified mail) to:

   Marc I. Machiz, Regional Director
   United States Department of Labor
   Employee Benefits Security Administration
   Philadelphia Regional Office
   The Curtis Center, Suite 870 West
   170 S. Independence Mall West
   Philadelphia, Pennsylvania 19106-3317

5. If you have further questions, contact:

   Marc I. Machiz, Deputy Regional Director
   United States Department of Labor
   Employee Benefits Security Administration
   Philadelphia Regional Office
   The Curtis Center, Suite 870 West
   170 S. Independence Mall West
   Philadelphia, Pennsylvania 19106-3317
   Tel: (215) 861-5300

EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF _____

|  |  |  |
|---|---|---|
| JEFFREY RAMSEY | ) | Miscellaneous No._____ |
| | ) | (Will be filled in by Court Clerk) |
| | ) | |
| Movant | ) | MOTION FOR ORDER |
| v. | ) | PURUSANT TO CUSTOMER |
| | ) | CHALLENGE PROVISIONS |
| | ) | OF THE RIGHT TO FINANCIAL |
| UNITED STATES DEPARTMENT OF LABOR | ) | ACT OF 1978. |
| | ) | |
| Respondent | ) | |

JEFFREY RAMSEY hereby moves this Court, pursuant to section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the United States Department of Labor, Employee Benefits Security Administration. My financial records are held by First Security Bank, N.A. (and successor, Cierra Bank).

In support of this motion, the Court is respectfully referred to my sworn statement filed with this motion.

Respectfully submitted,

_____

Jeffrey Ramsey

EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF _____

| | | |
|---|---|---|
| JEFFREY RAMSEY | ) | Miscellaneous No._____ |
| | ) | (Will be filled in by Court Clerk) |
| | ) | |
| Movant | ) | SWORN STATEMENT OF MOVANT |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF LABOR | ) | |
| | ) | |
| Respondent | ) | |

I, JEFFREY RAMSEY, am presently/was previously a customer of FIRST SECURITY BANK, N.A. (and successor, Cierra Bank), and I am the customer whose records are being requested by the Government.

The financial records sought by the United States Department of Labor, Employee Benefits Security Administration:

Are not relevant to the legitimate law enforcement inquiry stated in the customer notice that was sent to me because



OR
should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that



OR
should not be disclosed on the following other legal basis



I declare under penalty of perjury that the foregoing is true and correct.


_____                    _____
      (Date)                                        Jeffrey Ramsey


EXHIBIT A

## CERTIFICATE OF SERVICE

I have forwarded by certified or registered mail or delivered a copy of this motion and the attached sworn statement to:

Marc I. Machiz, Regional Director
United States Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office
The Curtis Center, Suite 870 West
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106-3317

on _____.
      (Date)

_____

Jeffrey Ramsey

**U.S. Department of Labor**   **Employee Benefits Security Administration**
**Washington District Office**
**1335 East-West Highway, Suite 200**
**Silver Spring, MD 20910-3225**

**(202) 693-8700  FAX: (202) 693-8736**



**VIA CERTIFIED MAIL No.**
**RETURN RECEIPT REQUESTED**

First Security Bank, N.A.
c/o Cierra Bank
1801 Cross Timbers
Flower Mound, Texas 75028

Re:   The Chimes D.C., Inc. Health and Welfare Plan
      EBSA Investigation No. 22-014955

Dear Sir or Madam:

Accompanying this letter is a subpoena <u>duces</u> <u>tecum</u> directed to First Security Bank, N.A., requiring the production of certain specified documents.  These documents are necessary and relevant to the above-referenced investigation being conducted by this office pursuant to its responsibilities for enforcement of Title I of the Employee Retirement Income Security Act of 1974.

These documents were previously produced to the Employee Benefits Security Administration (EBSA) in response to a subpoena issued on February 18, 2014.  At that time, EBSA believed that the documents requested were held in a business account.  EBSA has since learned that the material requested may concern an account which is maintained by a sole proprietorship and, accordingly, the notice requirements of the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 - 3422 may apply.  Thus, the documents previously provided have been destroyed and in accordance with the procedures set forth in the Right to Financial Privacy Act, we are reissuing the subpoena and providing you with information this office sent to the subject customer.

In connection with this subpoena, we wish to minimize as much as possible interference with the normal functioning of First Security Bank, N.A.  We would be agreeable to discussing alternative arrangements for production of the requested documents.  Please have responsible officials of First Security Bank, N.A. or legal counsel contact the undersigned regarding any question arising from this subpoena.

Thank you for your cooperation in this matter.

Sincerely,

Norman Jackson
Deputy Regional Director
Philadelphia Regional Office

Enclosures

EXHIBIT A

## SUBPOENA

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### Employee Benefits Security Administration

*To:*     First Security Bank, N.A.

*You are hereby required to appear before Siamack Gharanfoli, Investigator of the Employee Benefits Security Administration, U.S. Department of Labor, at 1335 East West Highway, Suite 200, Silver Spring, Maryland, 20910, on the 13th day of February, 2015 at 10 o'clock a.m. of that day, to testify in the Matter of an investigation of the*

*The Chimes, D.C. Inc. Health & Welfare Plan*

*being conducted pursuant to Section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder;*

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

*See Attachment*

*Fail not at your peril.*



**In testimony whereof** *I have hereunto affixed my signature and the seal of the* **United States Department of Labor**

*at*   Philadelphia, Pennsylvania .
this 26   day of February , 2015

Norman Jackson
**Deputy Regional Director**

EXHIBIT A

*(Rev. 03-09)*

*EBSA 200*

## Return of Service

*I hereby certify that the original of the within subpoena was duly served on the person named herein.*

(Check method used)

☐ *in person*

☐ *by certified or registered mail*

☐ *other (specify)* _____ _____

☐ *by leaving at principal office or place of business, to wit:*

_____

_____

on _____

**(Month, day, year)**

_____

**(Name of person making service)**

_____

**(Official Title)**

## Certification of Compliance

*I certify that the person named herein was in attendance as a witness and/or produced the records requested herein at*

_____

on _____

**(Month, day, year)**

_____

**(Name of person certifying)**

_____

**(Official Title)**

## ATTACHMENT TO SUBPOENA FOR
## FIRST SECURITY BANK, N.A.

### DEFINITIONS

A.  The Term "Plan" shall mean The Chimes, D.C. Inc. Health & Welfare Plan.

B.   The term "Company" shall mean Benefits Consulting Group or any predecessors, successors, affiliates or subsidiaries.

C.  The terms "You" and "Bank" shall mean First Security Bank, N.A., and its parent companies, any predecessor or successor corporations, and any subsidiaries or affiliates.

D.  The terms "affiliate" or "affiliated entities" shall be construed to mean corporations, partnerships, or other legal entities under common ownership or common control, including but not limited to, parent and subsidiary corporations.

E.  The term "bank account" means any account of any type, including checking, savings, custodial or trust accounts, offered by the Bank for use by its customers.

F.  "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq.

G.  "Employee Benefit Plans" means employee benefit plans as defined in Section 3(3) of ERISA.

H.  "Document" or "documents" means, including but not limited to, all writings, recordings or electronic data consisting of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, word processing, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, still photographs, X-ray films, video tapes, motion pictures, electronic mail messages (email), voice mail messages, electronic instant messages (IM), spreadsheets, databases, electronic calendars and contact managers, back-up data, and or other form of data compilation, stored in any medium from which information can be obtained (including but not limited to magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, flash drive or other electronic or mechanical storage device), however produced, reproduced or stored, of every kind of description within your possession, custody or control of any agent, employee, representative or other persons acting or purporting to act for or on behalf of you, including but not limited to notes; memoranda; records; reports; correspondence; telexes and faxes; agreements; contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general partners or other representatives; diary entries; studies; summaries and/or records of telephone conversations; interviews, meetings and/or conferences; tabulations; and shall include the original and all non-identical copies; all drafts even if not published, disseminated, or used for any purpose; all notes, schedules, footnotes, attachments, enclosures, and

EXHIBIT A

documents attached or referred to in any document to be produced pursuant to this subpoena.

I.  "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, face-to-face meetings or conversations, and internet postings and discussions.

J.  "Email" or "electronic mail" means any electronic communication made using computer communications software, whether through a local computer network or through the internet, and whether maintained in electronic form and/or paper form.  Email maintained in electronic form may be produced in electronic form.

K.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

L.  "Including" shall be construed to mean "without limitation."

M.  "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

## INSTRUCTIONS

A.  <u>Scope of search</u>.  This subpoena calls for all documents in your possession, custody, or control.  You are required to search for, obtain, and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession.  This includes any responsive documents in the possession, custody, or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

B.  <u>Relevant time period</u>.  Unless otherwise specified, the time period covered by this subpoena is from February 1, 2008 to the date of production.  Documents created prior to February 1, 2008 which have been used or relied on since February 1, 2008 or which describe legal duties which remain in effect after February 1, 2008 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

C.  <u>Privileges and Protections</u>.  If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this subpoena are withheld because of a claim of privilege, identify the documents you claim are privileged in a written response, and indicate for each such document:  1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of

EXHIBIT A

the document; 4) the type, length, and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

D. <u>Electronically stored information</u>.  If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are directed to produce the document in computerized form in one of the following formats:  Microsoft Word (doc), WordPerfect (wpd), Rich Text (rtf), Microsoft Outlook (pst), Microsoft Outlook Express (msg), Microsoft Excel (xls), Microsoft Access (mdb), PDF, TIFF, CSV, ASCII, TXT, Concordance, or Quickbooks.  Files of the preceding types can be submitted in a ZIP compressed format.  Sufficient information including sufficient identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents.  Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).

E. <u>Tenses</u>.  Verbs used in the past tense should be read also to include the present tense, and verbs used in the present tense should be read also to include the present tense.

F. <u>Singular/Plural</u>.  The singular number of a noun, pronoun, or verb should be read also to include the plural, and the plural number of a noun, pronoun, or verb should be read also to include the singular.

G. <u>Manner of production</u>.  All documents produced in response to this subpoena shall comply with the following instructions:

    a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

    b. All documents produced in response to this subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

    c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

    d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

    e. All documents provided in response to this subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

    f. In the event that there are no documents responsive to a particular request, please specify that you have no responsive documents.

EXHIBIT A

g.  If documents relied upon or required to respond to any of this subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

h.  <u>Electronic media</u>:

To the extent that the documents that are responsive to this subpoena may exist on electronic media, those documents shall be provided on one of the following media: Compact Disk–Read Only Memory (CD-ROM), Digital Versatile Disc–Read Only Memory (DVD), or USB hard drive.

## **DOCUMENTS TO BE PRODUCED**

1.  All documents identifying all bank accounts in the name of Benefits Consulting Group, including but not limited to First Security Bank, N.A. account # 1005222.

2.  All documents identifying all signatories on the account(s) identified in response to item #1.

3.  All monthly account statements for the bank account(s) identified in response to item #1.

4.  All documents which identify all disbursements from the bank account(s) identified in item #1, including but not limited to wire transfers, electronic funds transfers, money orders, cashiers checks or cash disbursements from the account; and copies of the front and back of all checks disbursed.

5.  All records of deposits or transfers into the account(s) identified in response to item #1.

6.  All debit, credit, or wire transfer memos and other documents relating to any deposits or withdrawals involving any of the bank account(s) identified in response to item #1.

7.  All correspondence between Jeffrey Ramsey and First Security Bank, N.A. relevant to any of the account(s) identified in response to item #1.

# UNITED STATES DEPARTMENT OF LABOR
# EMPLOYEE BENEFITS SECURITY ADMINISTRATION
### Washington District Office
1335 East-West Highway, Suite 200
Silver Spring, Maryland 20910

# CERTIFICATE OF COMPLIANCE
# WITH THE RIGHT TO FINANCIAL PRIVACY ACT

To:   First Security Bank, N.A.
      c/o Cierra Bank
      1801 Cross Timbers
      Flower Mound, Texas 75028

From: Norman Jackson, Deputy Regional Director
      United States Department of Labor
      Employee Benefits Security Administration
      Philadelphia Regional Office

I hereby certify that the applicable provisions of the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422, have been complied with as to the subpoena presented on January 26, 2015 for the following records of Benefits Consulting Group:

1. All documents identifying all bank accounts in the name of Benefits Consulting Group, including but not limited to First Security Bank, N.A. (and successor, Cierra Bank) account # 1005222.

2. All documents identifying all signatories on the account(s) identified in response to item #1.

3. All monthly account statements for the bank account(s) identified in response to item #1.

4. All documents which identify all disbursements from the bank account(s) identified in item #1, including but not limited to wire transfers, electronic funds transfers, money orders, cashiers checks or cash disbursements from the account; and copies of the front and back of all checks disbursed.

5. All records of deposits or transfers into the account(s) identified in response to item #1.

6. All debit, credit, or wire transfer memos and other documents relating to any deposits or withdrawals involving any of the bank account(s) identified in response to item #1.

EXHIBIT A

7.  All correspondence between Jeffrey Ramsey and First Security Bank, N.A. (and successor, Cierra Bank) relevant to any of the account(s) identified in response to item #1.


_2/26/15_
Date

Norman Jackson, Deputy Regional Director
United States Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office

Pursuant to the Right to Financial Privacy Act of 1978, good faith reliance upon this certificate relieves your institution and its employees and agents of any possible liability to the customer in connection with the disclosure of these financial records.

EXHIBIT A