UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFREY RAMSEY, ) | | |
| Movant, ) | | Misc. No: 3:15-mc-14 |
| ) | | |
| v. ) | | REPLY IN SUPPORT OF MOVANT'S |
| ) | | MOTION FOR ORDER PURSUANT |
| ) | | TO CUSTOMER CHALLENGE |
| UNITED STATES DEPARTMENT ) | | PROVISIONS OF THE RIGHT TO |
| OF LABOR ) | | FINANCIAL PRIVACY ACT OF 1978 |
| Respondent. ) | | |

## REPLY IN SUPPORT OF MOVANT'S MOTION TO QUASH

COMES NOW Movant Jeffrey Ramsey, by counsel, respectfully submits to the Court his Reply Memorandum in support of their Motion, pursuant to section 1110 of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410 for an order preventing the United States Department of Labor, Employee Benefits Security Administration ("DOL") from obtaining access to Mr. Ramsey's financial records held by First Security Bank, N.A. (and successor, Cierra Bank) ("First Bank"). Movant Jeffrey Ramsey, by counsel, also respectfully asks this Court to enter an injunction restraining and enjoining the DOL from violating Mr. Ramsey's rights under the RFPA and award costs, including attorney's fees, pursuant to 12 U.S.C. § 3418.

In its Response, the DOL does not dispute Mr. Ramsey's testimony that during a voluntarily interview on April 19, 2013 with Department of Labor Investigator Siamack Gharanfoli concerning The Chimes – Health and Welfare Benefit Plan ("the Plan"), Mr. Ramsey informed Investigator Gharanfoli that Benefits Consulting Group was a sole proprietorship.[1] *See* Ramsey Aff., Doc. 1-1, ¶ 6. With this knowledge, the DOL admits that it willfully issued a *subpoena duces tecum* on February 4, 2014 to First Bank for the financial records of that sole

---

[1] In fact, in 2009, Jeff Ramsey registered Benefits Consulting Group as a sole proprietorship with the State of Texas. (See Application, Exhibit 7).

proprietorship without giving notice to Mr. Ramsey. *See* Gharanfoli Decl., ¶ 9("In the Subpoena, EBSA requested the production of certain documents pertaining to all account in <u>Benefits Consulting Group</u>'s name.")(emphasis added); *see* Ramsey Aff., Doc. 1-1, ¶ 7. In other words, is undisputed that the DOL willfully violated the RFPA when it issued the First Subpoena on February 4, 2014 and refused to provide Mr. Ramsey with notice as required by the RFPA.

When the DOL received the records, DOL was again put on notice that the financial records belonged to Jeff Ramsey in his individual capacity.[2] *See* Ramsey Aff., ¶ 3(the bank account was in the name of "Jeff Ramsey d/b/a Benefits Consulting Group"); *see e.g.* Financial Records, Exhibit 8. The DOL did not remedy its violation of the RFPA when it received the records, but rather, the DOL does not dispute that it used the ill-gotten financial records of "Jeff Ramsey d/b/a Benefits Consulting Group" for the next 10 months to conduct an inquisition of Mr. Ramsey, including the harassment of Mr. Ramsey's professional business associates and customers <u>who have no relation to the Plan</u>. *See* Ramsey Aff., Doc. 1-1, ¶ 8. Moreover, the DOL admits that it used the sole proprietorship records when it deposed Mr. Ramsey on November 6, 2014. *See* Response, p. 4 ("nor did EBSA introduce any information obtained <u>exclusively</u> from Benefits Consulting Group bank records.")(emphasis added). Lastly, the DOL admits that it identified and contacted Mr. Ramsey's business associates and customers from the sole proprietorship records. (Gharanfoli Decl. at ¶ 14)("I did not identify or contact any of Mr. Ramsey's business associates or customers based <u>solely</u> on the Benefits Consulting Group records.")(emphasis added).

---

[2] The DOL also failed to provide First Bank with a certification of compliance. Section 3403 of the RFPA provides that a financial institution "shall not release the financial records of a customer until the Government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions of this title." 12 U.S.C. § 3403(b).

It was only when Mr. Ramsey discovered the DOL's subterfuge almost nine months after the DOL issued the First Subpoena, did the DOL finally admit to its impropriety. The DOL has now issued a second subpoena (hereinafter referred to as "Second Subpoena") in an attempt to legitimize its previous harassment of Mr. Ramsey and Mr. Ramsey's business associates and customers that have no relation to the Plan. The DOL did not substantially comply with the RFPA when it issued the First Subpoena, and the DOL wishes to now pretend that by attempting to do so now will justify the disruption to Mr. Ramsey's personal livelihood over the previous 18 months and going forward. Mr. Ramsey asks this Court to grant its motion to quash the DOL's subpoena and order the Government to cease its harassing discovery of Mr. Ramsey.

The DOL asserts that because it has fully complied with the customer notice procedures of the RFPA as to the Second Subpoena, it has "cured any prior deficiencies in notice." (Doc. 3, p. 12(*citing Chang v. Tenn. Valley Auth.*, 82 F.Supp.2d 819, 821 (E.D.Tenn. 2000)). Unlike *Chang*, however, where the Tennessee Valley Authority actually provided notice to the customer in the first instance, the DOL did not provide any notice of the First Subpoena to Mr. Ramsey. The Tennessee Valley Authority was able to cure the deficiencies in its first notice because it actually sent notice in the first place. Whereas, here, the DOL secretly subpoenaed Mr. Ramsey's records and used the records for approximately 10 months to identify and harass Mr. Ramsey's customers and business associates and harm Mr. Ramsey's business interests.

As stated in Mr. Ramsey's Motion, the RFPA prohibits federal agencies from gaining access to customer records maintained by financial institutions. 12 U.S.C. § 3402, 3403(a). The law has a very limited exemption that allows the federal government to obtain financial records of a sole proprietorship through the use of an administrative subpoena otherwise authorized by

law if "there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry." Id. § 3405.

Attempting to ignore the willful violation of the RFPA in issuing the First Subpoena, the DOL asserts that "the documents requested in the Second Subpoena are relevant to" the DOL's legitimate law enforcement inquiry. (Doc. 3, p. 13).  The DOL cites paragraphs 12 through 14 of Investigator Gharanfoli's Declaration as support for the argument that "[u]sing information obtained independently from the First or Second Subpoena, EBSA has determined that the Plan made payments into Benefits Consulting Group's account at First Bank account and Benefits Consulting Group made payments benefiting, directly or indirectly, potential Plan fiduciaries." (*Id.*)(citing Gharanfoli Decl. at ¶12-14).  Paragraphs 12 through 14, however, make no mention of Mr. Ramsey's sole proprietorship.  Rather, those paragraphs only discuss a separate unrelated corporate entity named BCGHR, LLC ("BCGHR").  Therefore, the DOL has failed in its burden to show that Mr. Ramsey's sole proprietorship records, as opposed to the financial records of BCGHR, are relevant to any proposed law enforcement inquiry.

Moreover, the DOL asserts that the DOL's "investigation is a legitimate law enforcement inquiry authorized by Section 504 of ERISA, to determine whether any person has or is about to violate Section 404 or 406 of ERISA."  (Doc. 3, p. 13).  While Mr. Ramsey does not dispute that the DOL's investigation of the Plan is a legitimate inquiry, its specific inquiry into Mr. Ramsey's sole proprietorship financial records is not legitimate.  The DOL's inquiry has been focused on BCGHR and not on Mr. Ramsey's sole proprietorship.  *See* Gharanfoli Decl. ¶¶12-14.  The only purpose that the DOL had previously obtained Mr. Ramsey's sole proprietorship records in a willful violation of the RFPA was to harass Mr. Ramsey and harm his business interests, and the only purpose the DOL wishes to again obtain these ill-gotten records is to justify its previous

improper behavior and continue its harassment. The DOL has failed in its burden to establish that the inquiry into Mr. Ramsey's records was legitimate.

In light of the foregoing, Mr. Ramsey asks the Court to grant its motion to quash. Moreover, because the DOL's admits in its response that it willfully violated the RFPA and used the ill-gotten records to question Mr. Ramsey, his customers, and his business associates, it is also appropriate for the court to enter injunctive relief and award costs, including attorney's fees, against the DOL pursuant to 12 U.S.C. § 3418.  That statute provides:

> In addition to any other remedy contained in this chapter, injunctive relief shall be available to require that the procedures of this chapter are complied with. In the event of any successful action, costs together with reasonable attorney's fees as determined by the court may be recovered.

To secure an injunction, the moving party must establish "a substantial likelihood of success on the merits," "a substantial threat of irreparable injury if the injunction is not issued," "that the threatened injury . . . outweighs any harm" that would result from granting the injunction, and that granting the injunction "will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 591-92 (5th Cir. 2011).

Based on the admissions made by the DOL and the sworn statement of Mr. Ramsey, Mr. Ramsey has sufficiently demonstrated that he has a substantial likelihood of prevailing in this action at a trial on the merits.  The DOL's willful violations of the RFPA have been shown by clear and convincing evidence as described above.  "Where a government authority has acted with reckless disregard for the rights of the Plaintiff under the RFPA… and the failures to comply with the procedures of the Act are not merely 'technical' defects, injunctive relief is warranted." *Hunt v. United States Sec. & Exchange Com.*, 520 F. Supp. 580, 608 (N.D. Tex. 1981).

Moreover, Mr. Ramsey has already suffered and will continue to suffer irreparable harm if the court does not grant an injunction. The DOL does not dispute Mr. Ramsey's testimony that the use of his individual financial records has disrupted his business operations and personal livelihood and harmed his relationships with his professional business associates and customers who have no relation to the Plan. (Ramsey Aff., Doc. 1-1, ¶ 8). The DOL attempts to minimize irreparable harm by asserting that subsequent to Mr. Ramsey discovering its willful violation of the RFPA, the DOL "deleted all records relating to the Benefits Consulting Group's accounts and issued a new subpoena to First Security Bank, including notice of Right to Financial Privacy Act customer challenge procedures." Gharanfoli Decl., Doc. 3-1, ¶ 16. While the DOL has attempted to curb the abuses that had already occurred, there is a reasonable probability that there will be future violations of the RFPA with respect to the DOL's inquisition of Mr. Ramsey. In sum, it is undisputed that Mr. Ramsey has suffered irreparable injury to his business and personal livelihood as a result of the DOL's willful violation of the RFPA. Unlike *Hunt*, where the SEC attempted to skirt the procedures and limitations set forth in the RFPA but failed to actually receive the records, the DOL in the present case actually received and used Mr. Ramsey's sole proprietorship records, and due to this, Mr. Ramsey *irretrievably lost* his right under the RFPA to challenge the First Subpoena. *See Hunt*, 520 F. Supp. at 609.

The third factor requires the Court to balance the relative harms which would result from a grant or denial of injunctive relief. The entry of an injunction which enjoins the DOL from violating Mr. Ramsey's rights under the RFPA "could not possibly result in any harm" to the DOL. "Such an injunction would merely require the agency to do that which the law already requires of it." *Hunt*, 520 F. Supp. at 609. On the other hand, if the court were not to enter an

injunction, it lets stand that Plaintiffs' rights under the RFPA has beeen violated and irretrievably lost. "As to this factor then, it is no contest" Mr. Ramsey has carried his burden. *Id.*

The final factor which the Court must consider is the effect that an injunction might have upon the public interest. "The public interest is often declared in the form of a statute and it has been held that when the acts which are sought to be enjoined have been declared in the form of a statute and it has been held that when the acts which are sought to be enjoined have been declared unlawful or are clearly against the public interest, a Plaintiff need not show irreparable injury or a balance of hardships in his favor." *Hunt*, 520 F.Supp. at 609. Like the court in *Hunt*, "the Court need not look any further than section 3418 of the Right to Financial Privacy Act" where "the Congress has expressly given federal courts the power to grant injunctive relief in order to assure that the provisions of the Act are complied with by government authorities." *Id.* at 609-610.

Mr. Ramsey has sufficiently carried his burden with respect to the four factors enumerated above. As such, Mr. Ramsey asks the Court to enter a preliminary injunction in the instant case restraining and enjoining the DOL from violating Mr. Ramsey's rights under the Right to Financial Privacy Act and also award Mr. Ramsey his attorney's fees.

    Respectfully submitted,

    By: */s/ Ramsay C. McCullough*
    Ramsay C. McCullough, Esquire
    Virginia Bar # 87014 (admitted *Pro Hac Vice*)
    Ramsay.McCullough@jacksonlewis.com
    Kristin L. Bauer, Esquire
    Texas Bar No. 24006813
    Jackson Lewis P.C.
    500 N. Akard, Suite 2500
    Dallas, TX 75201
    Phone: (214) 520-2400; Fax: (214) 520-2008

**ATTORNEYS FOR MOVANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March 2015, I will electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Marc I. Machiz, Regional Director
    United States Department of Labor
    Employee Benefits Security Administration
    Philadelphia Regional Office
    The Curtis Center, Suite 870 West
    170 S. Independence Mall West
    Philadelphia, PA 19106
    *Via certified mail*

    Evelyn Chung
    U.S. Department of Labor
    Office of the Solicitor
    Suite 630E, The Curtis Center
    170 S. Independence Mall West
    Philadelphia, PA 19106
    *By email* -- Chung.Evelyn@dol.gov

    First Security Bank, N.A.
    c/o Cierra Bank
    1801 Cross Timbers
    Flower Mound, Texas 75028
    *Via certified mail*

    /s/ *Ramsay C. McCullough*
    Ramsay C. McCullough, Esquire
    VA Bar # 87014
    (admitted *Pro Hac Vice)*
    Ramsay.McCullough@jacksonlewis.com
    Kristin L. Bauer, Esquire
    Texas Bar No. 24006813
    BauerK@jacksonlewis.com
    Jackson Lewis P.C.
    500 N. Akard, Suite 2500
    Dallas, TX 75201
    Phone: (214) 520-2400
    Fax: (214) 520-2008

**ATTORNEYS FOR MOVANT**

4822-5362-8706, v. 1