IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JEFFREY RAMSEY, : | |
| : | |
| Movant, : | |
| v. : | |
| : | Case No. 3:15-MC-14 |
| : | |
| : | |
| UNITED STATES : | |
| DEPARTMENT OF LABOR, : | |
| : | |
| Respondent. : | |

## RESPONDENT'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN REPLY BRIEF, AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY

The Secretary of Labor, Thomas E. Perez (the "Secretary"), objects to Movant Jeffrey Ramsey's ("Movant" or "Ramsey") filing of a reply brief in this action, in violation of the specific procedures set forth in section 1110 of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410, and requests that the Court decide the Motion to Quash without considering the substantive arguments set forth in the reply brief. In addition, for the first time in his reply brief ("Reply"), Movant requests a preliminary injunction and costs, including attorney's fees, against the Secretary. The Secretary moves to strike Movant's request for a preliminary injunction and costs, including attorney's fees, or, in the alternative, requests the opportunity to file a sur-reply in order to respond to new arguments and requests for relief raised for the first time in Movant's Reply.

Procedural Background

On February 12, 2015, Movant Jeffrey Ramsey filed a Motion to Quash pursuant to section 1110 of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410, against the Secretary of Labor, Thomas E. Perez. In his motion, Movant did not request injunctive relief or attorneys' fees pursuant to 12 U.S.C. § 3418, and did not invoke the jurisdiction of this Court under any provision other than 12 U.S.C. § 3410, which provides limited procedures to challenge disclosure of Benefits Consulting Group's bank records.

Pursuant to 12 U.S.C. § 3410(b), the Secretary filed his Response to Ramsey's Motion to Quash on March 5, 2015. In his response, the Secretary requested denial of Ramsey's motion because Ramsey had failed to satisfy any of the grounds on which a district court may quash a subpoena issued under the RFPA. (Docket #3, Secretary's Response at 7.). The Secretary's investigation is a legitimate law enforcement inquiry under section 504 of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134, into whether the fiduciaries of The Chimes, D.C. Inc., Health and Welfare Plan (the "Plan") violated ERISA when directing Plan payments to the Benefits Consulting Group, and indirectly receiving payments from Benefits Consulting Group.  In support of her position, the Secretary provided an affidavit from its investigator, to support its position that, upon being alerted by Movant of the possible application of the RFPA, the Employee Benefits Security Administration ("EBSA") promptly took steps to cure its failure to provide notice by deleting the electronic records it received pursuant to the subpoena and issuing a second, RFPA-compliant subpoena. (Docket #3, Secretary's Response at 5.). The investigator further attested that all of his questions and records used in depositions and to contact Mr. Ramsey's business associates were independently derived

from lawfully-obtained financial records of BCGHR, LLC, a corporation that is not protected by the RFPA. (Id. at 4.)

In addition to the arguments set forth in his response, the Secretary avers that ERISA and the RPFA grants him the authority to receive the records. Even if Ramsey had received notice of the subpoena, thereby affording him an opportunity to object, the RFPA authorizes the disclosure of the records because the Secretary's inquiry is legitimate. As a result, Mr. Ramsey was not actually harmed by the initial notice deficiencies and premature disclosure of RFPA-covered records.

Now pending before the Court is Movant's March 19, 2015 Reply to the Secretary's Response to the Motion to Quash. Movant's Reply is not authorized by the RFPA and should be stricken.

Argument

I.  <u>The Court Should Strike Movant's Reply, Deny Movant's Motion to Quash, and Enforce the Secretary's Subpoena Without Regard to Movant's Reply</u>

The Court should strike Movant's Reply. Section 1110 of the RFPA authorizes the court to conduct additional proceedings "as it deems appropriate" if the court is "unable to determine the motion or application on the basis of the parties' initial allegations and response," but "all such additional proceedings shall be completed and the motion or application decided within seven calendar days of the filing of the Government's response." 12 U.S.C. § 3410(b). Movant's reply brief was not filed with the Court's permission or within seven days of the Secretary's Response, and thus should not be considered by the Court in its decision on the Motion to Quash under section 1110 of the RFPA. Movant's Motion to Quash and the Secretary's Response offer the Court sufficient information to conclude that the bank records for Benefits Consulting, which received payments from the Plan and made payments to an entity affiliated with Plan fiduciaries,

are relevant to the Secretary's legitimate inquiry.[1] Movant's late-filed request for injunctive and other relief is procedurally prohibited and not necessary for the Court to determine whether the subpoena should be quashed.

Furthermore, for the first time in his Reply, Ramsey requests a preliminary injunction "restraining and enjoining the DOL from violating Mr. Ramsey's rights under the RFPA" and costs, including attorney's fees, pursuant to 12 U.S.C. § 3418. (Reply at 1.) Ramsey has provided no reason why he did not raise these issues in his initial motion, nor has he alleged any exigent circumstances justifying the grant of a preliminary injunction without affording the Secretary the opportunity to fully respond to his request. Cf. Fed. R. Civ. P. 65(b)(2) (allowing temporary restraining order without written or oral notice of adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). A court generally will not consider arguments raised for the first time in a reply brief. Senior Unsecured Creditors' Comm. of First Republic Bank Corp. v. FDIC, 749 F.Supp. 758, 772 (N.D. Tex. 1990) (motion to dismiss).

For the foregoing reasons, the Court should strike Movant's Reply, including his request for a preliminary injunction and costs, deny Ramsey's Motion to Quash, and enforce the Secretary's subpoena for Benefits Consulting Group's bank records.

---

[1] In any case, Ramsey concedes in the Reply that the Secretary's investigation of the Plan is a legitimate inquiry. (Reply at 4, Docket #6.)

  II. <u>If the Court Chooses to Consider Movant's Reply, the Court Should Allow the Secretary to File a Sur-Reply</u>

  If the Court chooses to consider Movant's Reply, the Secretary requests that the Court grant the Secretary permission to file a sur-reply opposing the request for a preliminary injunction and costs, pursuant to L.R. 56.7.

  If a court considers arguments raised for the first time in a party's reply, "the opposing party must be given a meaningful opportunity to file an additional response." <u>Buchanan-Rushing v. City of Royse City, Tex.</u>, 794 F. Supp. 2d 687, 690 (N.D. Tex. 2011). <u>See also</u> <u>Pennsylvania Gen. Ins. Co. v. Story</u>, No. CIV.A.3:03CV0330-G, 2003 WL 21435511, at *1 (N.D. Tex. 2003). The prerequisites for Movant's request for a preliminary injunction and attorneys' fees under 12 U.S.C. § 3418 differ greatly from a motion to quash filed under 12 U.S.C. § 3410. <u>See</u>, <i>e.g.</i>, <u>Hunt v. United States Securities & Exchange Comm'n,</u> 520 F. Supp. 580 (N.D. Tex. 1981) (motion for injunctive relief and attorneys' fees filed after motion to quash). A preliminary injunction is an extraordinary remedy committed to the discretionary power of the district court. Hunt, 520 F. Supp. at 585 (citing <u>Compact Van Equipment Co. v. Leggett & Platt, Inc.</u>, 566 F.2d 952, 954 (5th Cir. 1978)). This discretion must be exercised in light of four prerequisites for the issuance of such extraordinary relief: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if granted, would not be adverse to the public interest. <u>Id.</u> "Further, the movant must clearly carry the burden of persuasion with respect to all of the prerequisites[.]" <u>Id.</u>

  Among other things, the Secretary's sur-reply would provide affidavits to support its contention that a preliminary injunction and costs are not necessary in this case because (1)

Movant Ramsey will not prevail on the merits of his claim for relief under 12 U.S.C. § 3418 because he was not actually harmed by the Secretary's "technical" error and the Secretary did not act in reckless disregard of his rights; (2) the Movant will not suffer irreparable injury or any future injury because the Secretary will comply with the RFPA in the future and the government's actions are not likely to be repeated; and (3) the court should decline to issue an injunction under the doctrine of prudential mootness. See Chang v. Tennessee Valley Auth., 82 F. Supp. 2d 817, 821-22 (E.D. Tenn. 2000) (injunctive relief for RFPA technical violation not granted because government would comply in future, movant would not be irreparably harmed, and government did not act in reckless disregard of movant's rights).

The additional time to file a sur-reply would afford the Secretary time to prepare and submit declarations and supporting documentation that counsel for the Secretary expects will demonstrate that:

1) The Secretary did not act in reckless disregard of Movant's rights and did not conceal its intent to investigate Benefits Consulting Group transactions;

2) Ramsey and Benefits Consulting Group were aware of the Secretary's investigation of Benefits Consulting Group because, among other things, the Secretary had previously issued a subpoena to Benefits Consulting Group requesting records relating to payments among Benefits Consulting Group, the Plan, the employer, and/or any Plan service provider (see July 23, 2013 Subpoena to Benefits Consulting Group, Movant's Motion to Quash Exhibit 5, Docket #1-2.);

3) The investigator's failure to provide notice of the February 4, 2014 subpoena to First Security Bank, N.A. was due to his mistaken belief that the RFPA did not apply to any business accounts, including that of a sole proprietorship;

4) The error was unintentional, and the Secretary had nothing to gain from failing to issue the notice, because Ramsey and the Benefits Consulting Group were already aware of the Secretary's investigation and the Secretary's subpoena would survive any motion to quash under the RFPA;

5) Upon notice by Movant of the error, the Secretary acted promptly and in good faith, to cure the notice deficiencies (see Secretary's Response Exh. A at ¶26; Movant's Motion to Quash Exh. 4.);

6) The Secretary's existing procedures, requiring approval of subpoenas by the Office of the Regional Solicitor and the Regional Director, will protect against future errors;

7) The attorneys and investigators on this matter will not repeat this error; and

8) To the extent that Movant is seeking an order limiting the Secretary's authority to investigate Benefits Consulting Group or Ramsey, such relief is not authorized under the RFPA, which "was intended to protect the customers of financial institutions from unwarranted intrusion into their records *while at the same time accommodating legitimate law enforcement activities,*" and thus the limited civil penalties and remedies are the "*only authorized* judicial remedies and sanctions for violations ..." United States v. Frazin, 780 F.2d 1461, 1466 (9th Cir. 1986) (quoting 12 U.S.C. § 3417(d) and noting that the RFPA does not authorize suppression of evidence).

The Secretary also requires additional time to follow internal procedures required when responding to an action for injunctive relief against the Secretary of Labor, including consultation with the U.S. Attorney's Office.

    For the foregoing reasons, the Court should deny Ramsey's Motion to Quash and enforce the Secretary's subpoena, and either strike Ramsey's motion for preliminary injunction or grant leave to the Secretary to file a sur-reply brief and supporting affidavits to respond to Movant's new arguments within seven days of this Court's order.

                                          Respectfully submitted,

                                          M. PATRICIA SMITH
                                          Solicitor of Labor

                                          OSCAR L. HAMPTON III
                                          Regional Solicitor

                                          DOUGLAS N. WHITE
                                          Associate Regional Solicitor

By:    /s/ *Evelyn H. Chung*
        EVELYN H. CHUNG
        Senior Trial Attorney
        NY Bar No. 4190732
        Office of the Solicitor
        1100 Wilson Boulevard, 22nd Floor West
        Arlington, VA 22209
        Email: chung.evelyn@dol.gov
        Phone: (202) 693-9660
        Fax: (202) 693-9392

        TINA D. DAVILA
        Senior Trial Attorney
        TX Bar No. 24027549
        Office of the Solicitor
        525 Griffin Street, Suite 501
        Dallas, TX 75202
        Email: davila.tina.d@dol.gov
        Phone: (972) 850-3100
        Fax: (972) 850-3101

        U.S. DEPARTMENT OF LABOR

## **CERTIFICATE OF SERVICE**

I certify that on March 24, 2015, I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification to:

Kristin L. Bauer
Jackson Lewis P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Attorney for Movant

                                                *s/ Evelyn H. Chung*
                                                EVELYN H. CHUNG
                                                Senior Trial Attorney