IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JEFFREY RAMSEY,                          :
                                         :
       Movant,                           :
  v.                                     :
                                         :   Case No. 3:15-MC-14
                                         :
                                         :
UNITED STATES                            :
DEPARTMENT OF LABOR,                     :
                                         :
       Respondent.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RESPONDENT'S AMENDED MOTION TO STRIKE NEW ARGUMENTS RAISED IN REPLY BRIEF, AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

      This brief amends the Respondent's Motion to Strike New Arguments Raised in Reply Brief, And, In the Alternative, Motion for Leave to File Sur-Reply, filed March 24, 2015, by adding section III provided herein. Now pending before the Court is Movant Jeffrey Ramsey's ("Movant" or "Ramsey) March 19, 2015 Reply to the Secretary's Response to Ramsey's Motion to Quash. Movant's Reply is not authorized by the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410, and should be stricken. The Secretary of Labor, Thomas E. Perez (the "Secretary"), therefore requests that the Court decide the Motion to Quash without considering the substantive arguments set forth in Movant's reply brief ("Reply"). In addition, Movant requests for the first time in his Reply a preliminary injunction and costs, including attorney's fees, against the Secretary. If the Court does not strike the Reply, the Secretary requests an additional seven days to file a sur-reply in order to respond to new arguments and requests for relief raised for the first time in the Reply, and, if the Court so requests, to proffer evidence regarding Movant's spoliation claim.

1

Argument

I. The Court Should Strike Movant's Reply, Deny Movant's Motion to Quash, and Enforce the Secretary's Subpoena Without Regard to Movant's Reply

The Court should strike Movant's Reply. Section 1110 of the RFPA authorizes the court to conduct additional proceedings "as it deems appropriate" if the court is "unable to determine the motion or application on the basis of the parties' initial allegations and response," but "all such additional proceedings shall be completed and the motion or application decided within seven calendar days of the filing of the Government's response." 12 U.S.C. § 3410(b). Movant's reply brief was not filed with the Court's permission or within seven days of the Secretary's Response, and thus should not be considered by the Court in its decision on the Motion to Quash under section 1110 of the RFPA. Movant's Motion to Quash and the Secretary's Response offer the Court sufficient information to conclude that the bank records for Benefits Consulting, which received payments from the Plan and made payments to an entity affiliated with Plan fiduciaries, are relevant to the Secretary's legitimate inquiry.[1] Movant's late-filed request for injunctive and other relief is procedurally prohibited and not necessary for the Court to determine whether the administrative subpoena issued by the Secretary should be quashed.

Furthermore, in his Reply, Ramsey requests for the first time a preliminary injunction "restraining and enjoining the DOL from violating Mr. Ramsey's rights under the RFPA" and costs, including attorney's fees, pursuant to 12 U.S.C. § 3418. (Reply at 1.) Ramsey has provided no reason why he did not raise these issues in his initial motion, nor has he alleged any exigent circumstances justifying the grant of a preliminary injunction without affording the Secretary the opportunity to fully respond to his request. Cf. Fed. R. Civ. P. 65(b)(2) (allowing temporary

---

[1] In any case, Ramsey concedes in the Reply that the Secretary's investigation of the Plan is a legitimate inquiry. (Reply at 4, Docket #6.)

restraining order without written or oral notice of adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). A court generally will not consider arguments raised for the first time in a reply brief. Senior Unsecured Creditors' Comm. of First Republic Bank Corp. v. FDIC, 749 F.Supp. 758, 772 (N.D. Tex. 1990) (motion to dismiss).

Accordingly, the Court should strike Movant's Reply, including his request for a preliminary injunction and costs, deny Ramsey's Motion to Quash, and enforce the Secretary's subpoena for Benefits Consulting Group's bank records.

    II.    <u>If the Court Chooses to Consider Movant's Reply, the Court Should Allow the Secretary to File a Sur-Reply</u>

If the Court chooses to consider Movant's Reply, the Secretary requests that the Court grant the Secretary permission to file a sur-reply opposing the request for a preliminary injunction and costs, pursuant to L.R. 56.7.

If a court considers arguments raised for the first time in a party's reply, "the opposing party must be given a meaningful opportunity to file an additional response." Buchanan-Rushing v. City of Royse City, Tex., 794 F. Supp. 2d 687, 690 (N.D. Tex. 2011). See also Pennsylvania Gen. Ins. Co. v. Story, No. CIV.A.3:03CV0330-G, 2003 WL 21435511, at *1 (N.D. Tex. 2003).

The standard of review and elements for a motion for preliminary injunction and attorneys' fees under 12 U.S.C. § 3418 differ greatly from a motion to quash filed under 12 U.S.C. § 3410. See, e.g., Hunt v. United States Securities & Exchange Comm'n, 520 F. Supp. 580 (N.D. Tex. 1981) (motion for injunctive relief and attorneys' fees filed after motion to quash). Consequently, the Secretary requests an Order granting him seven days to file a sur-reply, with a full brief and supporting affidavits.

A preliminary injunction is an extraordinary remedy committed to the discretionary power of the district court. Hunt, 520 F. Supp. at 585 (citing Compact Van Equipment Co. v. Leggett & Platt, Inc., 566 F.2d 952, 954 (5th Cir. 1978)). This discretion must be exercised in light of four prerequisites for the issuance of such extraordinary relief: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if granted, would not be adverse to the public interest. Id. "Further, the movant must clearly carry the burden of persuasion with respect to all of the prerequisites[.]" Id.

Among other things, the Secretary's sur-reply would provide affidavits to support its contention that a preliminary injunction and costs are not necessary in this case because (1) Movant Ramsey will not prevail on the merits of his claim for relief under 12 U.S.C. § 3418 because he was not actually harmed by the Secretary's "technical" error and the Secretary did not act in reckless disregard of his rights; (2) the Movant will not suffer irreparable injury or any future injury because the Secretary will comply with the RFPA in the future and the government's actions are not likely to be repeated; and (3) the court should decline to issue an injunction under the doctrine of prudential mootness. See Chang v. Tennessee Valley Auth., 82 F. Supp. 2d 817, 821-22 (E.D. Tenn. 2000) (injunctive relief for RFPA technical violation not granted because government would comply in future, movant would not be irreparably harmed, and government did not act in reckless disregard of movant's rights).

The additional time to file a sur-reply would afford the Secretary time to prepare and submit declarations and supporting documentation that counsel for the Secretary expects will demonstrate that:

1) The investigator's failure to provide notice of the February 4, 2014 subpoena to First Security Bank, N.A. was unintentional, and due to his mistaken belief that the RFPA did not apply to any business accounts, including that of a sole proprietorship;

2) The Secretary did not act in reckless disregard of Movant's rights and did not conceal its intent to investigate Benefits Consulting Group transactions.  Rather, Ramsey and Benefits Consulting Group were aware of the Secretary's investigation of Benefits Consulting Group at the time of the February 14, 2014 subpoena because, among other things, the Secretary had previously issued a subpoena to Benefits Consulting Group requesting records relating to payments among Benefits Consulting Group, the Plan, the employer, and/or any Plan service provider (see July 23, 2013 Subpoena to Benefits Consulting Group, Movant's Motion to Quash Exhibit 5, Docket #1-2.);

3) Upon notice by Movant of the error, the Secretary acted promptly and in good faith to cure the notice deficiencies (see Secretary's Response Exh. A at ¶26; Movant's Motion to Quash Exh. 4.);

4) The Secretary's existing internal procedures will protect against future errors; and

5) To the extent that Movant is seeking an order limiting the Secretary's authority to investigate Benefits Consulting Group or Ramsey, such relief is not authorized under the RFPA.

The Secretary also requests additional time in order to follow internal procedures required when responding to an action for injunctive relief against the Secretary of Labor, including consultation with the U.S. Attorney's Office.

> III. If the Court Chooses to Consider Movant's Reply and Allow the Secretary to File a Sur-Reply, the Secretary Will Proffer Evidence, If Deemed Relevant by Court, That No Relevant Evidence Had Been Destroyed by the Secretary

In addition to the reasons provided in Section II, the Secretary requests leave to file a sur-reply brief in order to update the Court regarding the Benefits Consulting Group's records and to proffer new evidence, if the Court deems it relevant. As explained in the Secretary's Response, EBSA's investigators destroyed the original disk produced by the Bank and deleted the electronic copies from the network drives that they used to store investigative documents upon receipt of Movant's December 11, 2014 letter notifying EBSA that the Benefits Consulting Group records were subject to the RFPA. While the RFPA itself does not provide guidance regarding the government's responsibility when it inadvertently receives protected materials, EBSA's investigators deleted the records in good faith and consistent with analogous guidance under the Federal Rules of Civil Procedure and the ABA Model Rules of Professional Responsibility. See Fed. R. Civ. P. 26(b)(5) (directing parties who have notice of a claim of privilege over produced information, to return, sequester, or destroy specific information and copies, and refrain from using them); Comment 3 to ABA Model Rule of Professional Responsibility 4.4 (discussing deletion of privileged records inadvertently disclosed to a party).

Following the investigators' deletion of the electronic copies and destruction of the original disk, the investigators had no reasonable access to the Benefits Consulting Group records and did not use them in their investigation. In addition, as stated in Investigator Siamack Gharanfoli's previously filed Declaration, there were no other annotations on the records prior to

their deletion. (Secretary's Response Exh. A at ¶ 16.) Thus, the Benefits Consulting Group records contained no information that was relevant to this action.

In Movant's Motion to Quash, Ramsey requested an adverse inference relating to the Secretary's deletion of the Benefits Consulting Group records. (Motion to Quash at 8 n.2.) As a result, counsel for the Secretary, Evelyn Chung, began discussions with personnel in EBSA's Office of Technology and Information Services (OTIS) to determine whether any backup records existed, whether reasonably accessible or not, anywhere in the Secretary's systems. This week, OTIS was able to locate and restore a December 1, 2014 backup copy of the Benefits Consulting Group records, created by EBSA's backup systems prior to the deletion by investigators. The backup records were not accessible to EBSA investigators prior to the restoration. Currently, the restored backup records are maintained in a location that is only accessible to OTIS personnel, and is not accessible to any investigators or attorneys on the case. It should be noted that no investigator or attorney has viewed the contents of the restored backup records to confirm that they are the correct records, but an investigator has confirmed that the folder titles appear to match those of the deleted Benefits Consulting Group records.

The Secretary maintains that the contents of the Benefits Consulting Group records are not relevant to Ramsey's Motion to Quash or request for any other relief in this action.[2] However, if the Court grants leave to file a Sur-Reply and deems the back-up records to be relevant, the Secretary will proffer in its Sur-Reply the backup records for the Court's review, and to confirm that no evidence relevant to this action was deleted.

---

[2] In any case, the Movant's spoliation argument is undermined by the fact that Benefits Consulting Group could have requested the original production directly from First Security Bank, N.A., the producing party.

<u>Conclusion</u>

    For the foregoing reasons, the Court should deny Ramsey's Motion to Quash and enforce the Secretary's subpoena, and either strike Ramsey's motion for preliminary injunction or grant leave to the Secretary to file a sur-reply brief and supporting affidavits to respond to Movant's new arguments within seven days of this Court's order.

    Respectfully submitted,

    M. PATRICIA SMITH
    Solicitor of Labor

    OSCAR L. HAMPTON III
    Regional Solicitor

    DOUGLAS N. WHITE
    Associate Regional Solicitor

By:    /s/ *Evelyn H. Chung*
    EVELYN H. CHUNG
    Senior Trial Attorney
    NY Bar No. 4190732
    Office of the Solicitor
    1100 Wilson Boulevard, 22nd Floor West
    Arlington, VA 22209
    Email: chung.evelyn@dol.gov
    Phone: (202) 693-9660
    Fax: (202) 693-9392

    TINA D. DAVILA
    Senior Trial Attorney
    TX Bar No. 24027549
    Office of the Solicitor
    525 Griffin Street, Suite 501
    Dallas, TX 75202
    Email: davila.tina.d@dol.gov
    Phone: (972) 850-3100
    Fax: (972) 850-3101

    U.S. DEPARTMENT OF LABOR

## **CERTIFICATE OF SERVICE**

I certify that on March 27, 2015, I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification to:

Kristin L. Bauer
Jackson Lewis P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Attorney for Movant

*/s/ Evelyn H. Chung*
EVELYN H. CHUNG
Senior Trial Attorney